## (October 28, 1969)

■ AETNA INSURANCE COMPANY, as Assignee and Subrogee of RAYMOND J. BENOIT, Appellant, v. ALLSTATE INSURANCE COMPANY, Respondent.

APPEAL from that part of an order of the Supreme Court, New York County, at Special Term, entered March 22, 1968, which denied a motion by plaintiff for summary judgment.

*Per Curiam.* An assessment is ordered to determine the amount of plaintiff's cost of settlement and defense. (See *Federal Ins. Co.* v. *Atlantic Nat. Ins. Co.,* 25 N Y 2d 71.) The papers in opposition failed to raise a triable issue of fact. Plaintiff sues as assignee and subrogee of one Benoit. Benoit is plaintiff's named insured under a liability policy which covered Benoit also in the operation of a nonowned automobile. Defendant Allstate insured one McCarthy, whose automobile collided with a car owned by one DiMarco. At the time, Benoit was operating McCarthy's car and McCarthy was a passenger. McCarthy sued Benoit and the owner of the second car. A trial on the issue of liability resulted in a verdict in favor of McCarthy as plaintiff.

Plaintiff Aetna settled with McCarthy. This suit followed to recover the amount of the settlement and the cost of the defense. Allstate refused to defend Benoit, who was an insured under its policy covering McCarthy. Refusal was based on an exclusion clause which excluded claims against an insured by a fellow employee. There is no proof that McCarthy and Benoit were fellow employees at the time of the accident. The allegation in the answer to that effect is factually unsupported. " The burden upon a party opposing a motion for summary judgment is not met merely by a repetition or incorporation by reference of the allegations contained in pleadings or bills of particulars; verified or unverified ". (*Indig* v. *Finkelstein,* 23 N Y 2d 728, 729, and cases cited.) In McCarthy's action, there was no allegation with regard to the relation between McCarthy and Benoit. McCarthy proceeded on common-law liability as against Benoit, the operator of his motor vehicle, and DiMarco.

Benoit was an insured under defendant-respondent's policy. Defendant-respondent agreed to defend and indemnify Benoit. Defendant-respondent's duty arose out of the allegations in McCarthy's action for personal injuries. These allegations fell within the risks covered. Defendant-respondent had a duty to defend Benoit unless the allegations in the personal injury action brought the claimed exclusions into play or defendant-respondent submitted evidentiary facts or materials by affidavit or otherwise to show prima facie this to be the fact. There is no allegation in the personal injury action so doing and the affidavit in opposition to the motion for summary judgment is silent in respect to same. Hence, no triable issue of ultimate fact was raised.

The order should be modified, on the law, to the extent of granting the branch of plaintiff's motion for summary judgment, and, as so modified, affirmed, with costs to appellant.

Stevens, P. J., Eager, Tilzer, McNally and Bastow, JJ., concur.

Order entered March 22, 1968, unanimously modified, on the law, to the extent of granting the branch of plaintiff-appellant's motion for summary judgment, and, as so modified, affirmed, with $50 costs and disbursements to appellant.

Settle order on notice.