OPINION OF THE COURT
Robert F. Doran, J.
While riding her bicycle on September 10, 1987, defendant Winney was struck by a motor vehicle driven by defendant Dominelli and owned by defendant Konopka. The plaintiff Utica Mutual Insurance Company (hereinafter called Utica Mutual) had issued a liability policy to defendant Dominelli. The defendant Preferred Mutual Insurance Company (hereinafter called Preferred Mutual) had issued a liability policy to defendant Konopka.
Preferred Mutual and defendant Konopka have moved for *724 summary judgment seeking a declaratory judgment that the policy issued to Konopka affords merely excess and secondary coverage on the underlying action commenced by defendant Winney. Utica Mutual has cross-moved seeking a declaratory judgment that the Preferred Mutual policy is the primary coverage and is not merely excess or secondary.
At the time of the accident, defendant Dominelli’s own vehicle was being repaired. Thus, under Utica Mutual’s policy, the Konopka vehicle being operated by Dominelli was a "temporary substitute” vehicle.
A temporary substitute is a "covered automobile” under Utica Mutual’s policy. The key definition in the policy reads as follows: " 'Your covered auto’ means: * * * any auto * * * you do not own while used as a temporary substitute for any other vehicle described in this definition”. There is agreement by all parties that the vehicle involved in the accident which was operated by Dominelli was a "temporary substitute” and that it was not owned by him.
This court finds and concludes that the defendant Preferred Mutual is entitled to a declaratory judgment that the Utica Mutual policy is the primary coverage and that Utica Mutual is obligated to provide the primary defense of the underlying action by defendant Winney.
Utica Mutual claims that Preferred Mutual is merely attempting to disclaim coverage and that it is much too late to do so since over 17 months have elapsed since the accident and Preferred Mutual has to this date taken on the responsibility of defending. The court does not agree with Utica Mutual’s position. Preferred Mutual is not attempting to disclaim coverage. It is merely attempting to have the court declare which policy is the primary coverage, which policy is secondary or excess coverage and which insurer has to defend.
Utica Mutual claims secondarily that the accepted rule is that substitute coverage is for the benefit of the insured, in this case defendant Dominelli (12 Couch, Insurance 2d § 45:221 [rev ed]). Utica Mutual thus argues'that should a circumstance exist where Preferred Mutual’s coverage did not apply (for instance an exclusion for business use), defendant Dominelli would nevertheless be covered. The court cannot agree with Utica Mutual’s position.
There is little case law on this point. The key here is Utica Mutual’s own definition of "substitute vehicle”. Utica Mutual’s policy defines it as a "covered auto”. Moreover, it seems to *725 the court that the policy of the person who could be actively negligent, here Dominelli, should be the primary coverage in these circumstances (see, 16 Couch, Insurance 2d § 62:65 [rev ed]). Defendant Konopka could only be vicariously liable.
This is not a case such as Allstate Ins. Co. v Aetna Cas. & Sur. Co. (326 F2d 871, 876) wherein the policy expressly stated that " 'the insurance with respect to a temporary substitute automobile * * * shall be an excess insurance over any other collectible insurance.’ ”
This court also does not view the "Other Insurance” clause in the Utica Mutual policy as a basis for holding that the Utica Mutual policy is merely excess. At most, the "Other Insurance” clause would create an ambiguity in Utica Mutual’s policy which must be construed against Utica Mutual (see, Greaves v Public Serv. Mut. Ins. Co., 5 NY2d 120,125).