UTICA MUTUAL INSURANCE COMPANY, Appellant, v PREFERRED MUTUAL INSURANCE COMPANY et al., Respondents, et al., Defendants.

Third Department, June 4, 1992

APPEARANCES OF COUNSEL

*George C. Cooley* for appellant.

*Bohl, Clayton, Komar & Della Rocca, P. C. (Valarie M. Jeffers* of counsel), for respondents.

## OPINION OF THE COURT

LEVINE, J.

This appeal arises from a declaratory judgment action commenced by plaintiff against, among others, defendant Preferred Mutual Insurance Company (hereinafter defendant) to resolve a coverage dispute. The underlying action giving rise to the dispute involved an accident which occurred when defendant Julie J. Correra was struck while riding her bicycle by a vehicle operated by defendant Vincent R. Dominelli and owned by defendant Helen M. Konopka. Dominelli was driving Konopka's vehicle because his own vehicle was apparently not in operating condition. Both Dominelli, who is insured by plaintiff, and Konopka, who is insured by defendant, were named as party defendants in Correra's negligence action.

Following the commencement of that action, defendant sent Dominelli a letter acknowledging receipt of the summons and complaint and indicating that it would defend him to the extent of the policy's liability limitation. Defendant subsequently took the position that it was only obligated to provide excess or secondary coverage to Dominelli and that it was plaintiff which was responsible for providing primary coverage under the "temporary substitute" vehicle provision of its policy with Dominelli.

Plaintiff then commenced this action seeking a declaration that, *inter alia,* defendant is required under its policy with Konopka to provide primary coverage to Konopka and Dominelli and that the "temporary substitute" vehicle provision contained in its policy mandates only excess or secondary coverage. Defendant answered and interposed a counterclaim seeking declaratory relief in its favor. Defendant and Konopka thereafter moved and plaintiff cross-moved for summary judgment. Supreme Court granted the motion of defendant and Konopka for summary judgment, declaring that the policy of plaintiff written for Dominelli provides primary coverage and that the policy of defendant written for Konopka provides excess or secondary coverage only (149 Misc 2d 723). This appeal by plaintiff ensued.

In our view, Supreme Court properly held that the "temporary substitute" vehicle provision in plaintiff's policy constitutes primary coverage. The definition of "covered auto" in the policy issued by plaintiff includes any auto not owned by the insured "while used as a temporary substitute for any other vehicle described in [the policy] which is out of normal use because of its * * * breakdown [, repair, servicing, loss or destruction]". It is undisputed by the parties that Dominelli was using Konopka's vehicle as a "temporary substitute" for his own covered vehicle. Plaintiff maintains, however, that while its policy provides coverage to Dominelli, such coverage is secondary to that provided to him under defendant's policy as a driver operating Konopka's vehicle with her consent. In support of this position, plaintiff relies on the "other insurance" clause of its policy which states in relevant part that "any insurance we provide for a vehicle you do not own shall be excess over any other collectible insurance". According to plaintiff, the fact that a "temporary substitute" vehicle is by definition one not owned by the insured means that the coverage for such a vehicle is "excess" under the "other insurance" provision. We disagree.

It is our conclusion that the policy's inclusion of a "temporary substitute" vehicle in the definition of "covered auto" admits of no other reasonable interpretation but that primary coverage was intended for such a vehicle. Such a construction is entirely consistent with the "other insurance" clause, the clear purpose of which is to provide secondary or excess coverage in situations where an insured is involved in an accident while driving a vehicle not owned by him or her, but not used as a "temporary substitute" vehicle. Plaintiff's contrary interpretation would render the "temporary substitute" vehicle provision largely surplusage and of no practical application. Had plaintiff intended to limit its obligation with respect to providing primary coverage for a "temporary substitute" vehicle, it could have easily included in its policy explicit language to that effect (see, Matter of Vanguard Ins. Co. [Polchlopek], 18 NY2d 376, 381; VanMinos v Merkley, 48 AD2d 281, 286).

We disagree, however, with Supreme Court's conclusion that only plaintiff's policy provides primary coverage because Dominelli, its insured, was the driver whose active negligence caused the accident, and that the coverage of defendant should be secondary because its insured, Konopka, as the owner of the accident vehicle, was only vicariously liable.

Clearly, defendant, as the insurer of the accident vehicle specifically named in its policy issued to Konopka, was the primary insurer against liability for accidents involving that vehicle, irrespective of whether Dominelli, driving the vehicle with the owner's consent, had coverage under his own policy while driving a nonowned vehicle (see, *Lumbermens Mut. Cas. Co. v Allstate Ins. Co.,* 51 NY2d 651, 654; *Aetna Ins. Co. v Allstate Ins. Co.,* 33 AD2d 551, 552, *lv dismissed* 26 NY2d 610, 838).

It follows from the foregoing that the respective policies of both plaintiff and defendant provided primary coverage here. Moreover, Dominelli is both an insured under his own policy with plaintiff and an additional insured under defendant's policy issued to Konopka as a permissive driver of the vehicle insured under that policy. Also, as previously discussed, the Konopka vehicle is a covered automobile under both policies. Thus, both policies insured Dominelli and Konopka for liability for the personal injury claim involved herein arising out of Dominelli's operation of Konopka's automobile. It would appear, therefore, that concurrent coverage has been established because each carrier was providing coverage for the same interest and against the same risk (see, *Federal Ins. Co. v Commercial Union Ins. Co.,* 126 AD2d 892, 893, *lv denied* 69 NY2d 610; *J.P. Realty Trust v Public Serv. Mut. Ins. Co.,* 102 AD2d 68, 72, *affd* 64 NY2d 945; *cf., Medical Malpractice Ins. Assn. v Medical Liab. Mut. Ins. Co.,* 86 AD2d 476, 478-479, *lv denied* 57 NY2d 604; *see also, Blue Bird Body Co. v Ryder Truck Rental,* 583 F2d 717, 726-727).

As concurrent insurers, plaintiff and defendant each bear a legal obligation to contribute to providing a defense and indemnification with respect to the personal injury suit of Correra. Whether they should contribute equally or in proportion to their respective policy limits (see, *Travelers Ins. Co. v General Acc., Fire & Life Assur. Corp.,* 28 NY2d 458; *J.P. Realty Trust v Public Serv. Mut. Ins. Co., supra)* has not been addressed by plaintiff or defendant in their papers before Supreme Court or on this appeal. We therefore deem it advisable to remit to Supreme Court so that it may consider this issue in the first instance upon further submissions (see, *Blue Bird Body Co. v Ryder Truck Rental, supra).*

As a final matter, we reject plaintiff's contention that defendant's refusal to take sole primary responsibility with respect

to the underlying personal injury action should be barred as an untimely disclaimer.

WEISS, P. J., MIKOLL and MERCURE, JJ., concur.

Ordered that the order is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision.