■ GEORGE TANNER et al., Appellants, v ALTON ADAMS et al., Respondents. [602 NYS2d 710] —Weiss, P. J. Appeal from that part of an order of the County Court of Rensselaer County (Dwyer, Jr., J.), entered February 22, 1993, which denied plaintiffs' motion for partial summary judgment.

Plaintiffs contracted with defendants Alton Adams and Helen Adams to purchase the Adamses' single-family residence in the Town of Schodack, Rensselaer County. Plaintiff Resa S. Tanner, an attorney, drafted the purchase-sale contract, which included a contingency addendum stating "that the premises are free from any substantial structural, mechanical, electrical, plumbing, roofing, water or sewer defects". As part of his inspection, the engineer retained by plaintiffs performed a radon test which revealed levels within a livable area at which the Environmental Protection Agency advises that further action to reduce the levels be considered. Ultimately, during an extension of inspection period and following a confirmatory test, plaintiffs sought to cancel the contract and require the return of their deposit. County Court denied plaintiffs' motion for partial summary judgment, giving rise to this appeal. Plaintiffs basically contend that the presence of radon in the home at the levels detected constitutes a substantial defect defined in the contract addendum. Defendants argue that the presence of radon gas is not a contingency for which a cancellation right was included in the addendum.

The interpretation of an unambiguous contract presents an

issue of law to be resolved by the courts, as does the preliminary question of whether the writing is ambiguous in the first instance *(W.W.W. Assocs. v Giancontieri,* 77 NY2d 157, 162; *Van Wagner Adv. Corp. v S & M Enters.,* 67 NY2d 186, 191; *see, 805 Third Ave. Co. v M.W. Realty Assocs.,* 58 NY2d 447, 451). In the interpretation process, unambiguous provisions must be given their plain and ordinary meaning *(Sanabria v American Home Assur. Co.,* 68 NY2d 866, 868; *Stainless Inc. v Employers Fire Ins. Co.,* 69 AD2d 27, 32, *affd* 49 NY2d 924).

The presence of radon gas, although a health hazard at excessive levels, is not a defect, in and of itself, of the nature referred to in the addendum, nor has it here been linked to any substantial defect in the structure or its systems and utilities. A plain reading of the addendum fails to suggest that detection of radon gas at any particular level was ground for the exercise of the right to cancel the contract. Accordingly, County Court properly denied plaintiffs' motion.

Mikoll, Mercure and Mahoney, JJ., concur. Ordered that the order is affirmed, with costs.