■ Nathan Pekofsky et al., Appellants, v Nanuet Auto Parts, Inc., et al., Respondents. [619 NYS2d 740] —In an action to recover damages for breach of a lease, the plaintiffs appeal from so much of an order of the Supreme Court, Rockland County (Stolarik, J.), dated August 3, 1993, as, (1) upon determining that the defendants Jeffrey P. Marshall and Roger Stoddard were in default of the terms of a stipulation between the parties entered into in open court on March 30, 1993, directed the entry of a judgment in favor of the plaintiffs and against those defendants in the principal sum of only $12,000, and (2) denied that branch of the plaintiffs' motion which was to find the defendants Nanuet Auto Parts, Inc. and Ohanis L. Ohanis to be in default of the stipulation, and directed those defendants to pay the plaintiffs only $2,000 as required by the terms of the stipulation.

Ordered that the order is modified by (1) deleting the provision thereof directing entry of judgment against the

defendants Jeffrey P. Marshall and Roger Stoddard for $12,000, and substituting therefor a provision directing entry of judgment against those defendants in the principal sum of $14,000, and (2) deleting the provision thereof denying that branch of the plaintiffs' motion which was to find the defendants Nanuet Auto Parts and Ohanis L. Ohanis to be in default of the stipulation, and substituting therefor a provision granting that branch of the plaintiffs' motion and directing entry of judgment against those defendants in the principal sum of $14,000; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiffs.

The plaintiffs leased certain premises to the defendants Nanuet Auto Parts, Inc. (hereinafter Nanuet) and Ohanis L. Ohanis. Subsequently, Nanuet and Ohanis assigned the lease to the defendants Jeffrey P. Marshall and Roger Stoddard. The plaintiffs consented to this assignment and Nanuet and Ohanis remained liable to the plaintiffs under the lease. When the defendants Marshall and Stoddard defaulted under the lease, the plaintiffs commenced this action to recover the rent due pursuant to the lease. After negotiations, the parties entered into a stipulation whereby the four defendants agreed to pay the plaintiffs a total of $14,000; $2,000 payable by Nanuet and Ohanis, and $12,000 payable by Marshall and Stoddard.

When Marshall and Stoddard defaulted on their payment, the plaintiffs rejected the $2,000 payment tendered by Nanuet and Ohanis. The plaintiffs then moved for a default judgment of $14,000 against each of the defendants. The court found that the plaintiffs could enter a judgment against Marshall and Stoddard for $12,000, but could not attempt to recover this amount from Nanuet and Ohanis. The plaintiffs appeal claiming that all four defendants were jointly liable for the $14,000. We agree.

" 'A stipulation is a contract between parties, and as such is governed by general principles for its interpretation and effect' * * * The role of the court, as in an interpretation of any contract, is to determine the intent and purpose of the stipulation" (*Mandia v King Lbr. & Plywood Co.*, 179 AD2d 150, 159). A review of the stipulation and the assignment of the lease reveals that it was the intent of the parties that the defendants share joint and several liability for the $14,000 due under the lease and stipulation. Thompson, J. P., Miller, O'Brien, Santucci and Joy, JJ., concur.