■ In the Matter of MODERN MEDICAL LABORATORY, INC., Petitioner, v MICHAEL DOWLING, as Commissioner of the New York State Department of Social Services, Respondent. [648 NYS2d 820] —White, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which, *inter alia*, excluded petitioner from participation in the Medicaid program for two years and sought recovery of overpayments.

Petitioner is a licensed clinical laboratory that was the subject of an audit conducted by respondent which covered the period from April 1, 1988 to August 31, 1988. On February 13, 1991, respondent issued a notice of proposed agency action advising petitioner that it would be excluded from participation in the Medicaid program for two years because it had engaged in unacceptable practices by, *inter alia*, making claims for payment for unfurnished services. Respondent further advised petitioner that it would seek recovery of $427,000.26 in overpayments. Thereafter, petitioner sought administrative relief which resulted in a reduction in the amount of overpayments to $274,399.59 but left the two-year exclusion period intact. Petitioner now seeks relief in the judicial forum by means of this CPLR article 78 proceeding.

Initially, petitioner argues that the determination should be set aside because respondent was predisposed against it. Mere allegations of bias are not enough to set aside an administrative determination; instead there must be a factual demonstration supporting the allegation and proof that the outcome flowed from it (*see, Matter of Moss v Chassin*, 209 AD2d 889, 890, *lv denied* 85 NY2d 805, *cert denied* 516 US 861). As evidence of respondent's animus, petitioner claims that respondent repeatedly withheld Medicaid payments that were owed to it, thereby assuring its financial ruin. There is no direct evidence supporting this claim, nor can we infer that this was respondent's intention, as there is no indication that its action in withholding the payments contravened 18 NYCRR 518.7. Therefore, in the absence of proof showing that respondent's determination was not " 'based exclusively on the record and testimony introduced at the hearing' " (*Matter of Medicon*

*Diagnostic Labs. v Perales*, 182 AD2d 1033, 1035), we find petitioner's argument meritless.

Prior to the institution of this audit, petitioner was the subject of another audit covering the period between July 1, 1986 and March 31, 1988 that involved alleged overpayments totaling $1,555,586. On February 12, 1991, the parties entered into a stipulation wherein respondent agreed to accept $708,633 in full satisfaction for any overpayments allegedly made to petitioner. Petitioner claims that this stipulation encompasses this audit.

It is well established that a stipulation is a contract that is governed by the principles of contract law (*see, Pekofsky v Nanuet Auto Parts*, 210 AD2d 208, 209). The cardinal rule of contract interpretation is that when the language is clear and unambiguous, the parties' intent is to be discerned from the instrument in accordance with the plain and ordinary meaning of its language (*see, Tanner v Adams*, 197 AD2d 785, 786; *Dryden Cent. School Dist. v Dryden Aquatic Racing Team*, 195 AD2d 790, 793). In this instance, the stipulation clearly does not apply to the subject audit (Apr. 1, 1988 to Aug. 31, 1988), for it unequivocally states that it relates solely to audit period July 1986 through March 31, 1988 "and is not to be construed or interpreted to preclude recoveries of overpayments not the subject of the cited audit, nor is it to be construed to be in settlement of any other reviews".

Respondent established that petitioner had filed false claims for services by utilizing hearsay evidence from diverse sources. Now that the "legal residuum rule" is no longer applicable, such evidence can constitute substantial evidence provided that it is sufficiently believable, relevant and probative (*see, Matter of Tsakonas v Dowling*, 227 AD2d 729, 730). Taking into account the several independent sources of the hearsay evidence which we find sufficiently believable, relevant and probative, and the fact that petitioner did not challenge such evidence with contravening proof, we reject its argument that respondent's determination is not supported by substantial evidence.

During the audit, its scope was expanded to include a technical review to determine whether petitioner followed appropriate administrative practices and procedures. Petitioner challenges the finding that it violated 18 NYCRR 517.3 (b) (2)[1] by failing to respond to respondent's request for information

---

1. This regulation reads in relevant part: "All information regarding claims for payment submitted by or on behalf of the provider * * * must be furnished, upon request, to the department".

concerning the employment of sales personnel during the period of the audit.[2] This challenge is academic for, even if we assume that the requested information does not fall within the ambit of the cited regulation, the reversal of this finding would have de minimis effect as it leaves untouched the more serious finding that petitioner engaged in unacceptable practices by submitting false claims.

Lastly, we cannot agree with petitioner that its two-year exclusion from the Medicaid program is excessive or unduly harsh considering the extent of the overpayment and that this is not the first instance involving overpayments to petitioner (*see, Matter of Lala v Dowling*, 226 AD2d 933, 934; *Matter of Keppler v New York State Dept. of Social Servs.*, 218 AD2d 877, 879; *see also*, 18 NYCRR 515.4 [b]).

Crew III, J. P., Casey, Yesawich Jr. and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

2. We shall not discuss the findings based upon the testimony of Eve Rebasso since they were administratively disallowed.