■ Robert Hubbard, Jr., Respondent, v Chenango County Chrysler, Inc., Respondent, and American Credit Services,

Inc., Appellant, et al., Defendants. [710 NYS2d 442] —Crew III, J. P. Appeal from an order of the Supreme Court (Dowd, J.), entered August 31, 1999 in Chenango County, which denied a motion by defendant American Credit Services, Inc. for summary judgment on its cross claim against defendant Chenango County Chrysler, Inc.

On March 11, 1998, plaintiff purchased a motor vehicle from defendant Chenango County Chrysler, Inc. pursuant to a retail installment contract. Chenango, in turn, assigned the contract to defendant American Credit Services, Inc., the institution that financed the sale. The assignment clause set forth in the contract warrantied, in relevant part, that the contract was "genuine, unamended and enforceable without defense or counterclaim" and provided, *inter alia*, that Chenango was obligated to repurchase the contract from American upon demand if any of the warranties or guarantees contained therein "be breached."

In December 1998, plaintiff commenced this action against defendants alleging, *inter alia*, that Chenango and its employee, defendant Julie Rogers, made certain fraudulent misrepresentations while negotiating the underlying sale which, in turn, rendered the contract unenforceable. Following joinder of issue, American demanded that Chenango repurchase the contract and thereafter moved for summary judgment on its cross claim. Supreme Court denied the motion and this appeal ensued.

We affirm. The crux of American's argument on appeal is that the portion of the assignment clause upon which it relies clearly and unequivocally compels Chenango to repurchase the contract based upon the mere allegation that a defense to its enforceability exists. As expressed by American in its brief, the "warranty of enforceability" set forth in the contract means that "any time there is a defense, regardless of whether it is meritorious, the dealer must repurchase the retail installment contract." We cannot agree. Affording the subject text its plain and ordinary meaning (*see generally, Matter of Modern Med. Lab. v Dowling*, 232 AD2d 901, 902), it is apparent that the warranty of enforceability may only "be breached" in the event that plaintiff establishes the legitimacy of the defense asserted. As there plainly are questions of fact as to whether Chenango indeed breached such warranty, American's motion for summary judgment on its cross claim was properly denied.*

Graffeo, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.

---

* To the extent that the assignment clause at issue contains additional language that could, under appropriate circumstances, support American's

argument on appeal, we need note only that counsel for American reiterated at oral argument that American was relying only upon the language previously quoted. Restricting our analysis to the language upon which American actually relies, we have no choice but to conclude that its motion for summary judgment was properly denied.