■ AMES LINEN SERVICE, a Division of CORTLAND LAUNDRY, INC., Respondent, v GUS KATZ, Also Known as KONSTANTINOS KATSIROUMBAS, Doing Business as A-1 PIZZERIA, Appellant. [779 NYS2d 600]—

Mugglin, J. Appeal from an order of the Supreme Court (Mulvey, J.), entered September 29, 2003 in Tompkins County, which, inter alia, granted plaintiff's cross motion for summary judgment.

Plaintiff contracted with defendant in August 2000 to launder and supply, on a weekly basis, 30 bar mops, 75 red bib aprons and two floor mats. The contract contained a liquidated damages clause by which defendant acknowledged that due to the nature of plaintiff's business, damages caused by defendant's premature termination of the contract would be "difficult, if not impossible to determine." The parties, therefore, agreed that damages for defendant's breach would be calculated by multiplying one half of defendant's average weekly rentals prior to breach times the number of weeks remaining on the five-year term. When defendant terminated the contract in July 2002, plaintiff commenced this action to enforce the liquidated damages clause and, using this formula, sued for $6,080. Defendant, neither disputing his breach of the contract nor plaintiff's calculation of damages, moved for summary judgment dismissing the complaint on the ground that the liquidated damages clause was unconscionable and disproportionate to plaintiff's actual loss. Plaintiff cross-moved for summary judgment seeking enforcement of the liquidated damages clause. Supreme Court denied defendant's motion and granted plaintiff's cross motion. Defendant appeals and we affirm.

It is well settled that "[a] liquidated damage[ ] clause is enforceable if, at the time it is executed, it appears that the amount of actual loss stemming from a breach will be impossible or difficult to ascertain, and the amount called for in the contract is reasonably proportionate to the probable loss from the breach" (*Time Assoc. v Blake Realty*, 212 AD2d 879, 881-882 [1995], *lv denied* 85 NY2d 810 [1995]; *see Morgan Servs. v Lavan Corp.*, 59 NY2d 796, 797 [1983]; *Truck Rent-A-Ctr. v Puritan Farms 2nd*, 41 NY2d 420, 425 [1977]). On the other hand, if "the amount fixed is plainly or grossly disproportionate to the probable loss, the provision calls for a penalty and will not be enforced" (*Truck Rent-A-Ctr. v Puritan Farms 2nd, supra* at 425).

We agree with Supreme Court that plaintiff's damages are not easily ascertainable. Although defendant calculated plain-

tiff's initial purchases at $6,303.24,\* defendant's calculations do not consider (1) the difficulty in ascertaining the useful life of such items, (2) the cost to plaintiff of replacing the initial inventory as it wore out during the contract term prior to the breach, (3) plaintiff's labor and capital costs, or (4) the uncertainty that the inventory could be released by plaintiff (see Morgan Servs. v Lavan Corp., supra at 798). Plaintiff's president and general manager averred that 600 additional bar mops ($600) and 265 additional red bib aprons ($7,155) and "some" floor mats were purchased to supply defendant prior to his breach and that none of plaintiff's other restaurant customers used red bib aprons. Thus, Supreme Court also correctly determined that the liquidated damages amount is reasonably proportionate to plaintiff's probable loss and does not constitute an unenforceable penalty.

Peters, J.P., Spain, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.

---

\* This amount was arrived at as follows: 90 bar mops at $1 equals $90; 225 red bib aprons at $27 equals $6,075; two 3 by 10 floor mats at $45.67 equals $91.34, and two 3 by 5 floor mats at $23.45 equals $46.90, for a total of $6,303.24.