NOT FOR PUBLICATION
File Name: 05a0422n.06
Filed: May 20, 2005

No. 04-3206

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

PARKER HANNIFIN CORPORATION    )
    )
    Plaintiff-Appellee,    )    ON APPEAL FROM THE
    )    UNITED STATES DISTRICT
v.    )    COURT FOR THE NORTHERN
    )    DISTRICT OF OHIO
DAYCO PRODUCTS, LLC,    )
MARK IV INDUSTRIES    )    **MEMORANDUM**
    )    **OPINION**
    Defendants-Appellants.    )
    )

**BEFORE:  KENNEDY and MOORE, Circuit Judges, and RESTANI[*], Judge.**

**RESTANI, J.**  Defendants-Appellants Dayco Products, LLC and Mark IV Industries appeal

the district court's grant of summary judgment to Plaintiff-Appellee Parker Hannifin Corporation.

Defendants also appeal the district court's denial of their motion to transfer venue and their motion

to strike Parker's brief in opposition to their cross-motion for summary judgment.  We have

jurisdiction under 28 U.S.C. § 1291, and we **AFFIRM**.

The action revolves around an asset purchase agreement dated October 9, 2001, (the

"Agreement"), through which Dayco sold to Parker certain assets used in its fluid power and fluid

transfer products business.  Joint Appendix ("J.A.") at 89.  The parties dispute whether Parker, by

entering into the Agreement, agreed to indemnify Defendants against product and warranty liability

---

[*] Honorable Jane A. Restani, Chief Judge of the United States Court of International
Trade, sitting by designation.

claims and lawsuits concerning rayon-reinforced washing machine inlet hoses, which were manufactured and sold by Dayco until being discontinued in mid-1993. The Agreement requires that the parties' rights be determined according to New York law.

After receiving numerous tenders of defense and indemnification from Defendants in connection with rayon-reinforced hose litigation, Parker brought the instant action in the Court of Common Pleas of Cuyahoga County, Ohio, seeking a declaratory judgment and damages. Dayco removed the action to the United States District Court for the Northern District of Ohio.

In granting summary judgment to Parker, the district court concluded that the language of the Agreement is unambiguous and cannot be reasonably interpreted to mean that, in buying the fluid management assets in 2001, Parker assumed liability for product liability and warranty claims pertaining to the rayon-reinforced hoses that Dayco discontinued in 1993. *See, e.g., Modern Med. Lab., Inc. v. Dowling*, 648 N.Y.S.2d 820, 822 (N.Y. App. Div. 1996) (reciting the "cardinal rule" of contract interpretation that, where the language is clear and unambiguous, the parties' intent must be discerned from the instrument in accordance with the plain and ordinary meaning of its language). To qualify as an assumed liability, the court recognized, a liability must relate to the "Fluid Management Business" and not be among the "Retained Liabilities." J.A. at 793. The court determined that the Agreement plainly provides for both terms to exclude liability for rayon-reinforced hose claims. The Agreement restricts the "Fluid Management Business" to "the business as currently conducted," and the Agreement was executed more than eight years after Dayco discontinued the sale and manufacture of the rayon-reinforced hose. J.A. at 84. The second term, "Retained Liabilities," is defined in pertinent part as "all products liabilities . . . with respect to any occurrence prior to the Closing." J.A. at 89. The district court rejected Dayco's interpretation of

2

"occurrence," which encompassed the manifestation of a defect after the closing of the asset purchase despite the fact that any potentially actionable conduct by Dayco would have occurred many years prior to the closing. Instead, the court interpreted "occurrence" as relating to Dayco's conduct incurring liability—for example, the manufacture and distribution of defective rayon-reinforced hose assemblies—its discovery of the defects, and its decision to discontinue the product. J.A. at 799–800. According to this interpretation, rayon-reinforced hose product and warranty liabilities occurred prior to the closing and therefore are "retained liabilities" with the meaning of the Agreement, i.e., liabilities not assumed by Parker.

We review *de novo* a district court's grant of summary judgment. *Nat'l Enters. v. Smith*, 114 F.3d 561, 563 (6th Cir. 1997). After reviewing thoroughly the record and the parties' submissions, we find no error in the district court's decision. A discussion of the summary judgment decision beyond the brief summary above would thus be unnecessarily duplicative, and we therefore affirm the district court's opinion for the reasons stated therein.

Defendants also appeal the denial of their motion to transfer the action to the Western District of New York, arguing that they were entitled by the Agreement's forum selection clause to defend suit in Buffalo. Noting that a mandatory forum selection clause, such as the one contained in the Agreement, is a significant but not dispositive factor in deciding a transfer motion, *see, e.g., Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988), the district court found that neither party was favored by the balance of factors listed in 28 U.S.C. § 1404(a), which governs the enforcement of forum selection clauses. J.A. at 188–89. In reaching this conclusion, the district court recognized that the Agreement's forum selection clause contemplates the actual site of the action—Cleveland—as an appropriate place for litigation as well as Buffalo. The district court also

3

considered that Parker provided an affidavit containing the names of 17 witnesses and the essence of their testimony while, in contrast, Defendants failed to provide more than conclusory arguments as to the convenience and materiality of their witnesses in Buffalo. J.A. at 189–90.

We review a district court's refusal to transfer for a clear abuse of discretion. *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994). Based on our review of the record and the parties' submissions, we conclude that the district court did not clearly abuse its discretion in denying Defendants' motion. The district court gave significant weight to the Agreement's forum selection clause and recognized that Parker contradicted the clause's provisions by suing Defendants in Cleveland rather than Buffalo. Nevertheless, the district court acted within its discretion in determining that no transfer was required because Defendants contracted to litigate in Cleveland as plaintiffs and offered no material reason why they should not litigate there as defendants.

Lastly, Defendants argue that the district court abused its discretion in denying their motion to strike Parker's brief in opposition to Defendants' cross-motion for summary judgment as untimely pursuant to the 30-day filing period prescribed by Local Rule 7.1(d) of the Northern District of Ohio. As Parker's brief in opposition was in fact timely filed, Defendants appeal only the secondary argument advanced in their motion, that Parker's brief contained inappropriate extrinsic evidence in the form of affidavits. The district court denied the motion without a written opinion. J.A. at 789.

We find no error in district court's refusal to strike Parker's brief in opposition on the ground that it contained affidavits. In their cross-motion for summary judgment, Defendants argued that they should prevail based on the plain meaning of the Agreement, but they also submitted an estoppel argument supported by affidavits. Parker's brief in opposition adhered to its position that it was entitled to summary judgment on the basis of the Agreement's language alone and submitted

4

the affidavits only as an alternative argument in the event that the court found extrinsic evidence necessary. Considering that Parker was responding to an argument raised by Defendants, the district court did not abuse its discretion in denying Defendants' motion to strike.

For the reasons discussed above, we **AFFIRM** the district court's denial of Defendants' cross-motion for summary judgment, its grant of summary judgment in favor of Parker, its denial of Defendants' motion to transfer, and its denial of Defendants' motion to strike.