■ FIRST CALL FRIENDLY NOTE BUYERS, INC., Appellant, v NOEL McMENAMY, Respondent. [837 NYS2d 363]—

---

Peters, J. Appeal from an order of the Supreme Court (Bradley, J.), entered August 28, 2006 in Ulster County, which, inter alia, granted plaintiff's motion for summary judgment on the issue of liability.

In November 2005, the parties entered into a written contract whereby defendant agreed to sell a mortgage note, secured by property located in St. Lawrence County, to plaintiff for a purchase price of $135,124.67. The contract included a liquidated damages provision establishing damages in the event of a default by defendant in the amount of 10% of the purchase price, along with the costs of any resulting legal action and reasonable counsel fees. Thereafter, in March 2006, the parties signed a document entitled "addendum to purchase and sale agreement" (hereinafter the addendum), pursuant to which the purchase price was reduced to $120,124.67.

Upon defendant's alleged refusal to go forward with the sale, plaintiff commenced this action to recover damages. After defendant answered, denying liability, plaintiff moved for summary judgment. As relevant here, Supreme Court granted plaintiff summary judgment on the issue of liability and scheduled further proceedings to determine the appropriate amount of damages and counsel fees. Plaintiff now appeals, arguing that the only function of the addendum was to reduce the purchase price and that the other provisions of the original contract, including the clause providing for liquidated damages, are still controlling. We agree.

Preliminarily, it is noted that, contrary to defendant's assertion, this appeal from Supreme Court's order is properly before us (see CPLR 5701 [a] [2] [vi], [v]). Turning to the merits, on this record we are satisfied that the addendum was intended and served to merely modify the originally agreed-upon purchase price and did not constitute a novation inasmuch as there is no indication that the original contract was extinguished (see DCA Adv. v Fox Group, 2 AD3d 173, 174 [2003]; see also Callanan Indus. v Micheli Contr. Corp., 124 AD2d 960, 961 [1986]). Thus, the liquidated damages clause contained in the original contract remains in effect and, given that there has been no showing that such damages create an unenforceable penalty (see JMD Holding Corp. v Congress Fin. Corp., 4 NY3d 373, 380 [2005]; Ames Linen Serv., Div. of Cortland Laundry, Inc. v Katz, 8 AD3d 945, 947 [2004]), plaintiff is entitled to a recovery equal to 10% of the $120,124.67 modified purchase price. For clarity purposes, an inquest relative to reasonable counsel fees shall still be conducted, as directed by Supreme Court.

Mercure, J.P., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiff, by deleting so much thereof as directed further proceedings on the issue of damages; liquidated damages are awarded to plaintiff in the amount of 10% of $120,124.67; and, as so modified, affirmed.