■ GLENN ROCKWOOD, Respondent, v VICARIOUS VISIONS, INC., Appellant. [843 NYS2d 867]—

Rose, J. Appeal from an order of the Supreme Court (Williams, J.), entered October 10, 2006 in Saratoga County, which, among other things, denied defendant's motion for summary judgment dismissing the complaint.

As compensation for his services as a member of defendant's board of directors, plaintiff was granted stock options by two agreements: one in 1998 giving him the option to purchase 7,500 shares of defendant's stock (the 1998 agreement) and a second in 1999 giving him the option to purchase 15,000 shares annually (the 1999 agreement). The 1998 agreement provided a variable expiration date for exercise of its option depending on plaintiff's "Date of Termination." The 1999 agreement provided an expiration date for its options of 10 years from the date of each grant. Plaintiff resigned from defendant's board in March 2001. When his attempt to exercise his earned options in 2005 was rejected by defendant as untimely, plaintiff commenced this action seeking to compel defendant to allow him to exercise his options. Defendant moved for summary judgment dismissing the complaint and plaintiff cross-moved for summary judgment on his claims. Finding that the 10-year expiration period

provided in the 1999 agreement applies to all of plaintiff's options, Supreme Court granted plaintiff's cross motion and denied defendant's motion. Defendant appeals, arguing that the 1998 agreement provided that plaintiff's 1998 options would expire 90 days after he left its board of directors. We agree.

Clause 4 (d) of the 1998 agreement clearly provides that the option expires 90 days after the participant's "Date of Termination." Clause 8 (a) then states that a participant's " 'Date of Termination' shall be the first day . . . on which the Participant's employment with [defendant] . . . terminates for any reason." While "employment" has been variously defined in different contexts, we conclude that here, as the term is usually and commonly understood (*see e.g. Matter of Modern Med. Lab. v Dowling*, 232 AD2d 901, 902 [1996]), it describes any relationship in which one person provides services for another in exchange for compensation (*see* Black's Law Dictionary 566 [8th ed 2004]). Thus, we read the 1998 agreement to provide that plaintiff's 1998 option expired 90 days after he terminated his compensated relationship with defendant by leaving its board of directors. If the term "employment" were read more narrowly to exclude plaintiff's relationship with defendant, then the references to employment in the 1998 agreement would have no purpose (*see Utica Mut. Ins. Co. v Preferred Mut. Ins. Co.*, 180 AD2d 195, 197 [1992]).

As for plaintiff's contention that the 1999 agreement effected a novation of the 1998 agreement, we are satisfied that the later agreement merely shows an intent to restate the number and price of option shares earned in 1998 so as to reflect an impending stock split. There is no evidence of an intent to extinguish the 1998 agreement (*see First Call Friendly Note Buyers, Inc. v McMenamy*, 40 AD3d 1239, 1240 [2007]). Thus, the 1999 agreement did not alter or supercede the expiration provisions of the 1998 agreement.

Mercure, J.P., Crew III, Peters and Spain, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiff's cross motion for summary judgment as to his right to exercise the 1998 stock option and denied defendant's motion with respect to said stock option; cross motion denied to that extent, motion granted to that extent and said claim dismissed; and, as so modified, affirmed.