■ KEITH S. MCINTOSH et al., Respondents, v NIEDERHOFFER, CROSS & ZECKHAUSER, INC., Appellant. — Appeal (1) from a judgment of the Supreme Court in favor of plaintiffs, entered January 30, 1984 in Chemung County, upon a decision of the court at Trial Term (Crew, III, J.), without a jury, and (2) from that part of an order of said court, entered December 22, 1983 in Chemung County, which denied defendant's motion to set aside the decision and partially denied its motion to conform the pleadings to the proof.

LRC Electronics, Inc. (LRC) was a closely held corporation formed in 1964 which had been engaged in the manufacture of cable television components since 1970. Defendant is a merger and acquisition consulting firm. During the 1970's, the shareholders of LRC unsuccessfully attempted to sell the corporation. From 1977 to 1979, there were discussions between representatives of LRC and defendant regarding the possible representation of LRC by defendant. In December of 1979, LRC was sold to Augat, Inc., in exchange for securities worth approximately $18.7 million.

Defendant took the position that it was entitled to a fee for services rendered with regard to the sale. The shareholders of LRC commenced this action seeking a declaration that there existed no contract between it and defendant for payment of a commission in the event of an acquisition of LRC by Augat and that, therefore, the shareholders were not liable to defendant for the payment of any commission. Defendant commenced a breach of contract action which was consolidated with the declaratory judgment action. After a nonjury trial, Trial Term held that a contract existed between LRC and defendant, but that defendant materially breached the contract. Trial Term further held that the breach was not excused because LRC allegedly waived performance and that defendant failed to prove substantial performance. Trial Term also denied so much of defendant's posttrial motion as sought to set aside the decision and to amend its answer to include the affirmative defense of waiver. Defendant has appealed from both the judgment and the order disposing of its posttrial motion.

Trial Term's finding of a contract was based on two letters, dated March 6 and April 24, 1979. The March 6 letter dealt with

the obligations of defendant and also had attached a fee agreement signed by defendant's representative. The fee agreement contained the names of three prospective purchasers. LRC's representative struck the name of Augat from the fee agreement, signed it and returned it to defendant. Defendant then sent a letter dated April 24 proposing a different fee agreement in the event of a sale to Augat. LRC's representative made a modification, signed the letter and returned it to defendant. We agree with Trial Term that a contract was formed. It is clear from the evidence that the name of Augat was stricken from the March 6 fee agreement because LRC wanted to pay a smaller fee upon a sale to Augat since it, not defendant, initially discovered Augat as a possible purchaser. Thus, the only unsettled term of the contract at that point was defendant's fee in the event of a sale to Augat. Such issue was settled by the April 24 letter, as amended by LRC's representative. By commencing performance after receipt of the amended fee arrangement, defendant indicated its acceptance (see 21 NY Jur 2d, Contracts, § 49, p 466). Thus, Trial Term properly found a contract between LRC and defendant with regard to a sale to Augat.

Trial Term also properly found that defendant materially breached the contract by failing to provide a market report and restatement of earnings as it had promised. Defendant argues that LRC waived performance of this condition. However, waiver is an affirmative defense (CPLR 3018; see *Glenesk v Guidance Realty Corp.,* 36 AD2d 852) and, since defendant did not plead it as an affirmative defense, it was waived (see *Raoul v Olde Vil. Hall,* 76 AD2d 319, 333). Trial Term properly denied defendant's posttrial motion to amend its answer to assert the affirmative defense since a party pleading performance of a condition cannot at the same time prove a waiver of the condition (*Cohen v New York Prop. Ins. Underwriting Assn.,* 65 AD2d 71, 78). Defendant pleaded performance by implication since silence as to performance of a condition precedent implies performance (see CPLR 3015, subd [a]; 3 Weinstein-Korn-Miller, NY Civ Prac, par 3015.01).

Lastly, defendant argues that it is entitled to recover since it substantially performed the contract. In our view, Trial Term properly rejected this theory. It is apparent from the evidence in the record that defendant's preparation of a market report and restatement of earnings was a significant part of the contract. Moreover, as pointed out by Trial Term, defendant failed to adequately prove what services it did provide with regard to the sale to Augat and the value thereof.

In conclusion, Trial Term properly granted a declaratory judgment in plaintiffs' favor and dismissed defendant's complaint.

Judgment and order affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.