■ PARK SLOPE JEWISH CENTER, Appellant, v NEILAN STERN et al., Respondents.—In an action to enjoin an alleged trespass, the plaintiff appeals (1) from an order of the Supreme Court, Kings County (Kramer, J.), dated October 25, 1985, which, *inter alia,* granted those branches of the defendants'

motion which were for a declaration that stated amendments to the plaintiff's bylaws were null and void and enjoined the plaintiff from imposing more restrictive membership requirements, (2) from an order of the same court, dated June 11, 1986, which denied its motion to disqualify Justice Herbert Kramer, and (3) from an order of the same court, also dated June 11, 1986, which granted the defendants' motion to hold it in contempt and denied its cross motion to set aside a stipulation of settlement.

Ordered that the order dated October 25, 1985 is reversed, on the law, and the motion is denied, and it is further,

Ordered that the order dated June 11, 1986, which denied the plaintiff's motion to disqualify Justice Kramer is affirmed; and it is further,

Ordered that the order dated June 11, 1986, which granted the defendants' motion to hold the plaintiff in contempt and denied the plaintiff's cross motion to set aside a stipulation of settlement is modified by deleting the provision thereof which granted the defendants' motion to hold the plaintiff in contempt, and substituting therefor a provision denying that motion. As so modified, that order is affirmed, and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The hearing court erred in attempting to apply the neutral principles of law analysis (see, First Presbyt. Church v United Presbyt. Church, 62 NY2d 110, 119, cert denied 469 US 1037) to the dispute between these parties because the matter cannot be decided without resolving the underlying controversies over religious doctrine (see, also, Presbyterian Church v Hull Church, 393 US 440, 449). The gravamen of the dispute is the plaintiff's requirement that members of its congregation pledge adherence to a conservative egalitarian form of worship. It is well settled that membership requirements are strictly an ecclesiastical matter and decisions of the church or synagogue are binding on the courts (see, Matter of Kaminsky, 251 App Div 132, 137, rearg denied 251 App Div 795, affd 277 NY 524; Matter of Kissel v Russian Orthodox Greek Catholic Holy Trinity Church, 103 AD2d 830, 831). Thus, judicial resolution of the instant dispute would violate the Establishment Clause of the First Amendment of the United States Constitution (see, First Presbyt. Church v United Presbyt. Church, supra, at 116). Accordingly, the order which purported to declare the plaintiff's amendments to its bylaws null and void must be reversed. Furthermore, the contempt order,

which was predicated on the erroneously decided order concerning the bylaws, must be reversed for the same reason.

The stipulation of settlement between the parties created a month-to-month tenancy and therefore does not fall within the purview of Religious Corporations Law § 12. Thus, the plaintiff's reliance on that statute in its cross motion to set aside the stipulation is unavailing.

Finally, inasmuch as Justice Kramer has reaffirmed his impartiality in this case, he did not abuse his discretion in denying the plaintiff's disqualification motion. Lawrence, J. P., Eiber, Kunzeman and Sullivan, JJ., concur. *[See,* 128 Misc 2d 909.]