■ RESOURCE SAVINGS ASSOCIATION, Respondent, v STEWART HOFFMAN et al., Individually and Doing Business as P & S PROPERTIES, Appellants, et al., Defendants.—Mikoll, J. Appeals (1) from an order of the Supreme Court (Ford, J.), entered February 28, 1988 in Saratoga County, which, *inter alia,* granted plaintiff's motion for appointment of a receiver for certain mortgaged real property, and (2) from a judgment of

said court, entered March 30, 1988 in Saratoga County, which ordered the foreclosure and sale of said real property.

Plaintiff made loans totaling $3,245,000 to Independent Properties Texas I, Ltd. (hereinafter Texas I) and Independent Properties Texas II, Ltd. (hereinafter Texas II), two limited partnerships, to finance the purchase of Republic Bank Tower (hereinafter the Tower), a Texas condominium complex. The debt was secured by, *inter alia,* deeds of trust constituting real property liens on the Tower and by collateral and personal guarantees of defendants Stewart Hoffman and Peter Gullo (hereinafter defendants), who were the general partners and in control of Texas I and Texas II.

In April 1986, Texas I and Texas II borrowed an additional $1,200,000 from plaintiff to finance the debt service and operating expenses on the property. Texas I and Texas II signed a revolving promissory note for $1,200,000 and granted plaintiff a third-party mortgage on property located in Saratoga County as additional collateral for the initial loan and the revolving line of credit.

Eventually the Tower was sold by defendants to Ofia Realty Corporation and Papasan Realty Corporation, who assumed the outstanding loans thereon. The parties executed a "Loan Assumption, Modification and Extension Agreement", which provided that the loan indebtedness on the principal obligation would be increased to $3,700,000, the revolving loan would be reduced to $800,000 and all of the collateral and guarantees provided by defendants would be released with the exception of the mortgage covering the property located in Saratoga County. The parties also simultaneously executed two letter agreements, one concerning Texas I and Ofia, and the second concerning Texas II and Papasan. As part thereof, plaintiff agreed not to commence a foreclosure proceeding unless it "previously or simultaneously therewith initiated legal proceedings" against other collateral securing the debts of Ofia and Papasan. In effect, plaintiff agreed not to foreclose on the Saratoga County property until it initiated foreclosure proceedings against the deeds of trust covering the Tower, certain zero coupon certificates of deposit, and the unconditional guarantees of Ofia and Papasan.

Upon Ofia and Papasan's default, plaintiff initiated legal proceedings relating to items of collateral as set forth in the letter agreements. Foreclosure on the Tower was adjourned several times but was finally consummated in February 1988. In August 1987, plaintiff commenced this foreclosure proceed-

ing on the Saratoga County property and sought the appointment of a receiver for the property. Defendants moved for summary judgment dismissing the complaint, and plaintiff cross-moved for summary judgment. Supreme Court granted plaintiff's motion of foreclosure and sale and ordered the appointment of a receiver. Supreme Court subsequently denied defendants' motion for a rehearing as to both matters. Defendants now appeal.

Defendants contend that Supreme Court improperly granted summary judgment of foreclosure to plaintiff because there exists a question of fact as to whether plaintiff performed a condition precedent, as required by the contractual agreement between the parties, before foreclosing on the Saratoga County property. Defendants also urge that summary judgment was improperly granted to plaintiff in that a question of fact exists as to plaintiff's misrepresentation to defendants of the financial condition of Ofia and Papasan.

It is uncontested that a default occurred on the loans for which the Saratoga County property was security. Defendants' contention that summary judgment was inappropriate in that the foreclosure on the Tower was not genuine or bona fide when foreclosure on the Saratoga County property occurred is not supported by evidence in the record. The relevant portions of the letter agreements pertaining to the order of foreclosure read as follows: "[Plaintiff] will not initiate its legal remedies against the [Saratoga County] Property following the occurrence of an event of default * * * unless [plaintiff] has previously or simultaneously therewith initiated legal proceedings against the additional collateral described in paragraph 1 (a) [the deeds of trust], (b) [the zero-coupon certificates] and (c) [the unconditional guarantees] above."

We note that defendants did not plead the failure of performance of this condition precedent in their answer as required by CPLR 3015 (a). Silence as to performance of a condition precedent implies performance (*McIntosh v Niederhoffer, Cross & Zeckhauser*, 106 AD2d 774, *lv denied* 64 NY2d 608). They are thus precluded from raising the contention in their summary judgment motion. We note additionally that defendants' papers on summary judgment also do not deny that legal proceedings were initiated against all the additional collateral by plaintiff before commencement of the foreclosure proceeding. They merely question their bona fide nature. Plaintiff is in conformity with the letter agreement. The delays in the foreclosure sale of the Tower were reasonable and, in one instance, made at defendants' behest. Defendants have thus

not raised a question of fact to support their conclusory assertions.

Defendants also aver that plaintiff misrepresented the financial condition of the Tower's purchaser to defendants and that they were thus induced to their detriment to continue to stand as security in the transfer of loan obligations. As to this contention, first raised on the motion for rehearing, we find that it is not substantiated by real evidence. We note that defendants did not assert this claim as a defense or counterclaim in their answer. They have also failed, in support of the motion for rehearing, to buttress their contention with any showing of an obligation on plaintiff's part to provide defendants with assurances as to the financial stability of Ofia and Papasan. Nor is there a showing that plaintiff had knowledge of any such instability. Defendants' allegations are therefore insufficient to defeat the motion for summary judgment.

As a final observation, we are of the opinion that it would have been appropriate for Supreme Court to hold a hearing or to appoint a Referee to determine the current loan balance with the value of the other collateral applied.

Order and judgment modified, on the law, without costs, by remitting the matter to the Supreme Court for further proceedings not inconsistent with this court's decision, and, as so modified, affirmed. Casey, J. P., Mikoll, Yesawich, Jr., and Mercure, JJ., concur; Levine, J., not taking part.