■ L.J.B. Corp. et al., Respondents-Appellants, v City of New York et al., Appellants-Respondents.—Order, Supreme Court, New York County (Herbert Shapiro, J.), entered on or about March 4, 1991, as resettled and entered October 17, 1991, granting defendants' dismissal motion only insofar as to dismiss the first and second causes of action in the amended complaint, unanimously modified, on the law, to grant dismissal of the remaining four causes of action as well, and otherwise affirmed, without costs. Plaintiffs' cross-appeal is unanimously dismissed, without costs.

In February 1988, plaintiff Bonfiglio, the corporate plaintiff's assignor, bid successfully at public auction for a 1/2-acre vacant lot in the Parkchester section of the Bronx, at $605,000. A standard set of Terms and Conditions, applying to all sales of real estate at auction, gave the City the option to cancel the sale prior to closing, in which event the City's liability would be limited to return of payments made on the bid, plus the net costs of title search and survey incurred by the prospective purchaser. Specific conditions precedent to this particular transaction called for submission of satisfactory building development plans, a New Building Application, proof of financing, and a Building Permit, at various mileposts after the sale. Completion of the development within two years was a condition subsequent. The corporate plaintiff's plans for a motel on the site, consistent with the Zoning Resolution, were on schedule until September 1989, when the slated closing was adjourned indefinitely due to mounting community pressure against the proliferation of "short-stay" motels in the area. In January 1990 the Board of Estimate cancelled the sale and directed reimbursement of all payments made toward purchase. Later in the year, the Zoning Resolution was amended to prohibit motel development in this area.

A CPLR article 78 proceeding and the instant plenary action were commenced simultaneously, challenging the cancellation and seeking damages. The latter action sought specific performance and damages in connection with alleged breach of contract, damages for expenditures in reliance on the transaction, and imposition of a constructive trust on the property or the proceeds from its eventual resale. When defendants moved to dismiss, plaintiffs amended their complaint to assert additional causes of action for specific performance based on unconscionability and damages for breach of duty to act in good faith.

The IAS court dismissed the article 78 proceeding on the ground that cancellation of the sale had a rational basis, and there has been no appeal from that judgment. In the plenary action, the court considered the complaint as amended, and dismissed the causes of action for specific performance and damages in connection with alleged breach of contract. But the court upheld the remaining four causes of action on a theory that limitation of damages to the recovery of expenditures set forth in the Terms and Conditions of Sale would be inequitable, and that plaintiffs should have an opportunity to make out a case of waiver of those Terms and Conditions by defendants.

The question presented on this appeal is whether the inequity of plaintiffs' disappointment is enough to surmount the language of the Terms and Conditions of Sale, which clearly circumscribed plaintiffs' damages in the event of a cancellation. The municipality's reservation of an option to cancel a sale prior to closing has been upheld as in furtherance of the public interest *(see, Orelli v Ambro,* 41 NY2d 952). Any cancellation is unfair to a successful bidder, but this is one of the clearly stated risks of bidding at public auction. Defendants had a valid reason for their action, and acted in the public interest "within the clear letter of" the option to cancel *(supra,* at 953). There is no showing of deception or bad faith here, no unconscionability, no unjust enrichment on the part of defendants. This was clearly a circumstance within the ambit of the cancellation option's purpose. Equity will not negate or supersede that openly functional purpose.

Plaintiffs' cross-appeal from dismissal of the first two causes of action is dismissed as untimely. They failed to notice an appeal from the original order, and the resettlement of that order seven months later was for a corrective purpose not substantial enough to create a new right of appeal *(see, Matter of Kolasz v Levitt,* 63 AD2d 777, 779). Were we to consider the merits of the cross-appeal, we would nevertheless affirm the subject portion of the order. Concur—Sullivan, J. P., Wallach, Kassal and Rubin, JJ.