■ B'NAI JACOB, Appellant, v PARK SLOPE JEWISH CENTER, Respondent. [604 NYS2d 255] —In an action, *inter alia,* for a judgment declaring the rights and obligations of the parties pursuant to a stipulation, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Huttner, J.), entered May 2, 1991, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

This appeal has its genesis in a dispute between two factions of a Jewish synagogue. In 1983 a majority of the members of the defendant Park Slope Jewish Center (hereinafter Park Slope) voted to grant females full participation in all religious activities. A minority faction of the congregation, opposed to this change, began holding separate services in the lower sanctuary of the synagogue. Thereafter, Park Slope commenced an action to enjoin this minority faction from using the building and interfering in Park Slope's activities.

In May 1984 the parties entered into a stipulation of settlement, which provided, *inter alia,* that the minority faction would incorporate as B'nai Jacob, a religious corporation, and that B'nai Jacob could continue to use the lower sanctuary for a monthly rent of $450. The stipulation also provided that Park Slope "will grant a right" to members of B'nai Jacob to become members of Park Slope and B'nai Jacob would be given a rent credit for its members who were also members of Park Slope. The majority of the remaining provisions in the stipulation governed B'nai Jacob's use of the lower sanctuary and other synagogue facilities.

In December 1984 Park Slope amended its by-laws so that prospective members were required to affirm that they supported and would continue to support equal participation of females in religious services. As a result, Park Slope rejected

membership applications from B'nai Jacob congregants because they would not affirm their support for equal participation.

In January 1985 B'nai Jacob moved to set aside the by-law change as being violative of the stipulation. Park Slope cross-moved to set aside the stipulation. The Supreme Court nullified the amendments to Park Slope's by-laws as a violation of the stipulation, and denied Park Slope's cross motion to set aside the stipulation. Park Slope appealed. This Court reversed, finding that the Supreme Court erred in attempting to apply the "neutral principles of law analysis" to the dispute, since a resolution of the matter could not be had without resolving the underlying controversy over religious doctrine (see, Park Slope Jewish Ctr. v Stern, 128 AD2d 847, 848). This Court, however, in affirming a portion of a related order, which denied Park Slope's cross motion to set aside the stipulation, stated that the stipulation created a month-to-month tenancy.

B'nai Jacob commenced the instant action for a declaration of the parties' rights under the stipulation. Park Slope's motion for summary judgment dismissing the complaint was granted, and we now affirm.

We acknowledged the parties' rights under the stipulation in our prior decision when we ruled that the stipulation created a month-to-month tenancy. The instant complaint does not allege any cause of action which is ripe for judicial review. Since any decision we might render might ultimately prove to have no effect on the substantial rights of either party, the complaint was properly dismissed (see, Matter of Fossella v Dinkins, 114 AD2d 340, 343; see also, Ansonia Assocs. v Consiglio, 163 AD2d 98). Sullivan, J. P., Lawrence, O'Brien and Santucci, JJ., concur.