■ WATER STREET DEVELOPMENT CORP. et al., Respondents-Appellants, v CITY OF NEW YORK et al., Appellants-Respondents. [632 NYS2d 544] —Order and judgment (one paper), Supreme Court, New York County (Martin Schoenfeld, J.), entered on or about August 23, 1993 which, *inter alia*, granted, in part, plaintiffs' motion for summary judgment and directed

defendants to return plaintiffs' down payment for the sale of real property plus interest, and granted defendants' cross motion for summary judgment to the extent of dismissing the remainder of the complaint, unanimously modified, on the law, plaintiffs' motion for summary judgment is denied and defendants' cross motion for summary judgment is granted in its entirety, without costs. The Clerk is directed to enter judgment accordingly.

The IAS Court erred when it concluded that the underlying municipal contract was "illusory" because it lacked mutuality of obligation due to the City of New York's cancellation option. As we recently stated in *L.J.B. Corp. v City of New York* (182 AD2d 485, 487, *lv denied* 80 NY2d 755), "[t]he municipality's reservation of an option to cancel a sale prior to closing has been upheld as in furtherance of the public interest" (*see also, Orelli v Ambro*, 41 NY2d 952). Further, there is no proof that the City acted in bad faith or took undue advantage of plaintiffs nor is there any evidence of unconscionability on the part of the defendants (*L.J.B. Corp. v City of New York, supra*, at 487; *Min-Lee Assocs. v City of New York*, 28 AD2d 553, *affd* 27 NY2d 790).

We reject plaintiffs' contention that the assignment of rights to buy the property from plaintiff Alfred Ohebshalom to plaintiff Water Street Development Corp. constituted a novation, thereby excluding the Special Terms and Conditions of the sale. A novation will not discharge obligations created under a prior agreement unless it was so intended, and this question may be determined from the writings and conduct of the parties (*Blair & Co. v Carlos Otto V.*, 5 AD2d 276, 280; *Goldbard v Empire State Mut. Life Ins. Co.*, 5 AD2d 230, 234; *Sheehy v Andreotti*, 199 AD2d 148, 150) or, in certain cases, from the documents exclusively (*Goldbard v Empire State Mut. Life Ins. Co., supra*, at 234).

In the matter at bar, the assignment incorporated the Special Terms by reference in the Standard Terms, and as a result, was not at variance with the original agreement. There being no variances, there can be no novation.

With regard to plaintiffs' contention that the City was barred from declaring plaintiffs in breach, while it is undisputedly the rule that one who frustrates another's performance cannot hold that party in breach (*Long Is. Sav. Bank v Geloda/ Briarwood Corp.*, 190 AD2d 64, 67; *Ellenberg Morgan Corp. v Hard Rock Cafe Assocs.*, 116 AD2d 266, 271; 3A Corbin, Contracts § 767), nothing of that nature occurred here. The documentation and inspections clearly, and repeatedly, ap-

prised plaintiffs of the condition of the premises and the need for plans to be prepared under such circumstances, suitable to the Landmarks Preservation Commission, was an accepted risk in entering the venture. The City, therefore, was not barred from declaring plaintiffs in breach.

With regard to the question of insurability of title, the successful bidder's failure to either tender performance or give the City reasonable time to cure the objection was tantamount to an anticipatory breach that warranted the City's declaration of default against the bidder and retention of the down payment as liquidated damages (*Cohen v Kranz*, 12 NY2d 242, 246; *Oxford Funding Corp. v James H. Northrup, Inc.*, 130 AD2d 722, *lv denied* 70 NY2d 613). In addition, plaintiffs' reliance on *Gargano v Rubin* (200 AD2d 554) is without merit as there was no issue presented with respect to the seller's ability to cure the objection within a reasonable time.

Lastly, in the face of a valid contract, plaintiffs' request for damages on a quasi-contract theory is untenable (*Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.*, 70 NY2d 382, 388-389; *Blanchard v Blanchard*, 201 NY 134, 138; *Haythe & Curley v Harkins*, 214 AD2d 361, 362), and their claim for out-of-pocket expenses is barred inasmuch as such expenditures were aforeseeable risk of the venture (*Ashland Mgt. v Janien*, 82 NY2d 395, 403; Restatement [Second] of Contracts §§ 351, 352). Concur—Rubin, J. P., Ross, Nardelli, Williams and Tom, JJ.