■ In the Matter of KAPSON CONSTRUCTION CORP., Respondent, v ARA PLUMBING & HEATING CORP., Appellant. [642 NYS2d 701] —In a proceeding pursuant to CPLR article 75 to stay arbitration, the appeal is from an order of the Supreme Court, Nassau County (Murphy, J.), entered June 6, 1995, which, *inter alia,* granted the petition and permanently stayed arbitration.

Ordered that the order is reversed, on the law, with costs, the petition is denied, the proceeding is dismissed, and the parties are directed to proceed to arbitration.

On an application to stay arbitration, the narrow scope of judicial inquiry is limited to "whether the parties made a valid agreement to arbitrate", whether if such an agreement was made it has been complied with, and whether the claim sought

to be arbitrated would be barred by limitation of time had it been asserted in a court of the State (*Dazco Heating & Air Conditioning Corp. v C.B.C. Indus.*, 225 AD2d 578; *see also, Matter of County of Rockland [Primiano Constr. Co.]*, 51 NY2d 1, 6-7; *Matter of United Nations Dev. Corp. v Norkin Plumbing Co.*, 45 NY2d 358, 362-363).

Contrary to the appellant's claims, the present agreement, which contains the arbitration clause, also contains a condition precedent. A condition precedent is an act or event other than a lapse of time, which unless the condition is excused, must occur before a duty to perform a promise in the agreement arises (*see, Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co.*, 86 NY2d 685, 690, citing Calamari and Perillo, Contracts § 11-2, at 438 [3d ed]). Here, the agreement provided that the contract was predicated upon the "approval of Kapson's lender" and the failure to obtain construction financing would render the agreement "null and void". While the agreement does not specifically indicate whether the term "Kapson" refers to the contractor, Kapson Construction Corp., or the developer, Kapson-Northport Development, we note that the agreement uses the specific term "contractor" to refer to "Kapson Construction". Therefore, construing any ambiguity of terms against the petitioner as drafter of the agreement, the term "Kapson" refers to the developer (*see, Bernstein v Sosnowitz*, 198 AD2d 204, 205).

Since the existence of the contract was premised on the satisfaction of a condition precedent, no contract arises "unless and until the condition occurs" (Calamari and Perillo, Contracts § 11-5, at 440 [3d ed]). Therefore, the court must initially determine whether the financing obtained by the developer approximately 5 years after the agreements in question were executed and in cooperation with new business partners, satisfied the broadly drafted terms of the condition precedent. "[W]hile a specifically enumerated restriction upon arbitral authority will be upheld by the courts * * * no such limitation upon either factual or legal dispute resolution will be inferred from a broadly worded contractual provision expressly calling for the arbitration of all disputes arising out of the parties' contract" (*Maross Constr. v Central N. Y. Regional Transp. Auth.*, 66 NY2d 341, 346; *see also, Matter of County of Rockland [Primiano Constr. Co.]*, *supra*, at 7; *Matter of South Country Cent. School Dist. v Bellport Teachers Assn.*, 184 AD2d 771, 773). Here, the clause in dispute mandates only that the developer obtain construction financing, but does not provide for either a time limitation or that the financing be

provided without the developer seeking other business partners. Accordingly, the condition precedent was satisfied and the matter should proceed to arbitration. Balletta, J. P., Sullivan, Copertino and Krausman, JJ., concur.