■ MARK MOSKOWITZ, Individually and Doing Business as ORAL HEALTH CARE ASSOCIATES, Appellant, v ANIL P. RAJADHYAX, Respondent. [693 NYS2d 741] —Crew III, J. Appeal from an order of the Supreme Court (Dier, J.), entered May 21, 1998 in Warren County, which, *inter alia*, granted defendant's motion for summary judgment dismissing the complaint.

In June 1992, plaintiff and defendant entered into an employment agreement that provided, in relevant part, that in the event the employment relationship between the parties terminated, defendant would not practice dentistry within a 25-mile radius of plaintiff's practice. On January 1, 1995, the parties executed another agreement designating defendant as an independent contractor and containing a nonexclusivity clause, which provided that defendant would not be restricted from rendering dental care to patients other than plaintiff's and was free to work in other offices if he so desired. Defendant worked with plaintiff until April 1996, when he estab-

lished his own dentistry practice within a 25-mile radius of plaintiff's practice.

Plaintiff thereafter commenced this action for breach of contract and sought to enjoin defendant from violating the terms of the 1992 covenant not to compete. Defendant moved for summary judgment dismissing the complaint on the ground that the nonexclusivity clause contained in the 1995 agreement superseded the restrictive covenant embodied in the 1992 agreement. Supreme Court granted defendant's motion and this appeal ensued.

We affirm. It is quite clear that the 1995 agreement constituted a novation, thereby relieving defendant of the requirement not to compete within a 25-mile radius of plaintiff's practice. The record reflects that there was a previously valid agreement and a subsequent agreement by both parties to a valid new contract, the very terms of which reflected their intent to extinguish the prior contract (*see, Water St. Dev. Corp. v City of New York*, 220 AD2d 289, 290, *lv denied* 88 NY2d 809). As all of the elements of a novation were present (*see, Matter of Healey v Healey*, 190 AD2d 965, 966), Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint. Plaintiff's remaining arguments on this point have been examined and found to be lacking in merit.

Yesawich Jr., Peters and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.