■ Su Mei, Inc., Respondent, v Hirofumi Kudo et al., Appellants. [755 NYS2d 481] —Carpinello, J. Appeal from an order of the Supreme Court (Williams, J.), entered August 30, 2002 in Saratoga County, which denied defendants' motion for summary judgment dismissing the complaint.

This dispute arises out of a January 29, 2001 contract between the parties whereby defendants Hirofumi Kudo and Yoshiko Kudo (hereinafter collectively referred to as defendants) agreed to purchase the assets of a restaurant run by plaintiff. Specifically, defendants agreed to pay $160,000 for the restaurant's inventory, equipment, furniture, fixtures, goodwill and covenant not to compete. The premises on which the restaurant was operated was leased by plaintiff and the contract contained a provision that the agreement was "expressly made contingent upon written permission from [the landlord] for the [a]ssignment of the [l]ease * * * to [defendants] upon the same terms and conditions." The contract provided for a March 1, 2001 closing.

Approximately eight weeks after the parties entered into the contract, defendants began operating the business pursuant to an addendum to the contract[1] and also entered into their own lease with the landlord containing nearly identical terms as plaintiff's lease, i.e., a $12,000 security deposit, base rent in the amount of $108,000 for the first three years to be paid at the rate of $3,000 per month and various renewal options. After paying $70,000 toward the purchase price, defendants refused to close on the deal, prompting plaintiff to commence this action for specific performance. On appeal from the denial of their motion for summary judgment, defendants primarily claim that a contract was never formed because of the failure of a condition precedent, namely, written permission from the landlord to assign the lease.

---

1. According to plaintiff, defendants were unable to procure a liquor license before the scheduled closing so they took over management of the restaurant and "used" plaintiff's liquor license until their own was issued.

The record reveals that long before defendants approached plaintiff about purchasing the business, plaintiff had failed to timely exercise the option to renew under its lease, which was due to expire on February 28, 2001.[2] In the interim, plaintiff entered into the subject contract to sell the business. After the lease expired, the tenancy continued on a month-to-month basis until the landlord's May 1, 2001 lease with defendants. Even though they were occupying the premises pursuant to a lease with nearly identical terms, defendants claim that because plaintiff never sought or obtained permission for assignment of the lease and because plaintiff in fact had no leasehold interest to convey when the parties entered into the agreement, no contract was ever formed.

Initially, we note that defendants never specifically pleaded the failure of a condition precedent as an affirmative *defense* in their answer (*see* CPLR 3015 [a]). Rather, the alleged failure of the lease assignment was referenced in the first of two counterclaims sounding in *fraud*. Said differently, the alleged failure of this condition was relied upon in the answer as evidence of fraud only and no claim was made that same was in fact a complete bar to the existence of a contract. Under these circumstances, we are persuaded by plaintiff's argument that defendants have waived this alleged failure (*see First N. Mortgagee Corp. v Yatrakis*, 154 AD2d 433; *Resource Sav. Assn. v Hoffman*, 147 AD2d 781; *McIntosh v Niederhoffer, Cross & Zeckhauser*, 106 AD2d 774, 775, *lv denied* 64 NY2d 608). In any event, even assuming that the answer complies with the specificity requirements of CPLR 3015 (a), defendants are not entitled to summary judgment on this theory as the contract language fails to establish that it was clearly the parties' intention that the assignment of the lease was in fact a condition precedent to the formation or the existence of the contract itself as they did not utilize "unmistakable language of condition" (*Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co.*, 86 NY2d 685, 691) such as "if," "unless and until" and/or "null and void" (*compare id.*; *Delta Properties v Fobare Enters.*, 251

___

**2.** The option to extend should have been exercised in writing by plaintiff no less than six months prior to its expiration, i.e., August 28, 2000. It is undisputed that plaintiff never exercised this option. However, defendants first approached plaintiff about purchasing the business in November 2000 and, according to plaintiff, the status of the lease was discussed and they were given a copy of it the following month. If such assertions are credited, a jury might conclude that defendants' counterclaims of fraud are lacking the requisite element of justifiable reliance (*see e.g. Rudolph v Turecek*, 240 AD2d 935, *lv denied* 90 NY2d 811; *Cohen v Colistra*, 233 AD2d 542; *see also Eurotech Dev. v Adirondack Pennysaver*, 224 AD2d 738).

AD2d 960, 960-962; *Matter of Kapson Constr. Corp. v ARA Plumbing & Heating Corp.*, 227 AD2d 484; *Office of Comptroller Gen. of Republic of Bolivia on Behalf of Gen. Command of Bolivian Air Force v International Promotions & Ventures, Ltd.*, 618 F Supp 202; *see Catskill Dev., L.L.C. v Park Place Entertainment Corp.*, 154 F Supp 2d 696, 704-705). We find defendants' alternative claim that they are entitled to summary judgment because assignment of the lease was a condition precedent to *performance* to be similarly unpreserved.

Defendants next contend that they are entitled to rescission as a matter of law because there was a failure of consideration on plaintiff's part since it had no leasehold interest to convey. Underlying this argument is the assertion that "the lease was the largest asset bargained for in [the] contract." This assertion, however, is not born out by a review of the contract itself, which states that the purchase price covers numerous items, none of which is an alleged leasehold interest. More importantly, however, "[a]bsent fraud or unconscionability, the adequacy of consideration is not a proper subject for judicial scrutiny" (*Apfel v Prudential-Bache Sec.*, 81 NY2d 470, 476). While defendants assert that plaintiff engaged in fraud, numerous questions of fact exist precluding summary judgment in defendants' favor on this issue (*see* n 2, *supra*). Finally, we reject defendants' claim that Supreme Court erred in failing to dismiss the corporate defendant as a party in this action.

Cardona, P.J., Mercure, Spain and Kane, JJ., concur. Ordered that the order is affirmed, with costs.