MORDECAI TENDLER, Appellant, v BAIS KNESSES OF NEW HEMPSTEAD, INC., Doing Business as RAV ARON JOFEN COMMUNITY SYNAGOGUE, Respondent. [860 NYS2d 551]—

In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Rockland County (Liebowitz, J.), dated December 19, 2006, which granted that branch of the defendant's motion which was to dismiss the

complaint pursuant to CPLR 3211 (a) (2) and denied his cross motion, in effect, for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (2) is denied, and the plaintiff's cross motion, in effect, for summary judgment on the issue of liability is granted.

In May 1992 the plaintiff entered into a contract with the defendant Bais Knesses of New Hempstead, Inc., doing business as Rav Aron Jofen Community Synagogue (hereinafter the Congregation), in which he agreed to serve as the Congregation's sole rabbi in return for an annual salary. In pertinent part, the contract provided that the plaintiff could "not be terminated unless permission is granted by an authorized Rabbinical Court." The parties agree that sometime before February 27, 2006, the Congregation terminated the plaintiff's employment as its rabbi. On March 21, 2006 a rabbinical court authorized the termination of the plaintiff's employment. On March 30, 2006 the plaintiff commenced this action to recover damages for breach of contract. In lieu of an answer, the Congregation moved, inter alia, to dismiss the complaint pursuant to CPLR 3211 (a) (2), contending that the court lacked subject matter jurisdiction, since resolution of the matter required inquiry into the rationale of the rabbinical court's ruling authorizing the termination. The plaintiff opposed the motion and cross-moved, in effect, for summary judgment on the issue of liability on the ground, among other things, that the termination violated the parties' contract, as the Congregation had not received permission from a rabbinical court to terminate his employment prior to the actual termination, as specifically required by the contract. Accordingly, the plaintiff contended that the matter could be resolved through application of neutral principles of law. The Supreme Court granted the Congregation's motion to dismiss the complaint on the ground that it lacked subject matter jurisdiction and denied the plaintiff's cross motion, in effect, for summary judgment on the issue of liability. We reverse.

Preliminarily, the Supreme Court erred in granting the Congregation's motion to dismiss the complaint pursuant to CPLR 3211 (a) (2), since this action does not present a nonjusticiable issue necessitating an inquiry into the rabbinical court's determination authorizing the plaintiff's termination as the Congregation's rabbi (see Matter of Congregation Yetev Lev D'Satmar Inc. v Kahana, 9 NY3d 282, 287 [2007]; Park Slope Jewish Ctr. v Stern, 128 AD2d 847 [1987]; cf. Esformes v Brinn, 52 AD3d 459 [2008] [decided herewith]). Rather, neutral prin-

ciples of contract law are applicable in resolving the issues presented in this action, without reference to any religious interpretation or doctrine, and the Supreme Court thus did not lack subject matter jurisdiction over it (*see Jones v Wolf,* 443 US 595, 604 [1979]; *Morris v Scribner,* 69 NY2d 418, 422-423 [1987]; *Avitzur v Avitzur,* 58 NY2d 108, 114-115 [1983], *cert denied* 464 US 817 [1983]; *Kapsalis v Greek Orthodox Archdiocese of N. & S. Am.,* 276 AD2d 595 [2000]).

Moreover, although the Supreme Court treated the plaintiff's pre-answer cross motion as one for summary judgment without giving the parties the requisite notice that it was doing so (*see* CPLR 3211 [c]), no error resulted, since the parties charted a summary judgment course by submitting evidence and factual affirmations laying bare their proof (*see Harris v Hallberg,* 36 AD3d 857, 858 [2007]; *O'Dette v Guzzardi,* 204 AD2d 291, 292 [1994]).

Turning to the merits, "the fundamental objective when interpreting a written contract is to determine the intention of the parties as derived from the language employed in the contract" (*Abiele Contr. v New York City School Constr. Auth.,* 91 NY2d 1, 9 [1997]). Here, the parties' contract expressly provided that the Congregation could not terminate the plaintiff's employment as its rabbi "unless" it had obtained prior authorization from a rabbinical court. Accordingly, we can only conclude that the purpose of such a provision was to require a rabbinical court to determine, *before* the plaintiff's termination, whether Jewish law warranted his termination as rabbi (*see Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co.,* 86 NY2d 685, 690-691 [1995]; *Matter of Kapson Constr. Corp. v ARA Plumbing & Heating Corp.,* 227 AD2d 484, 485 [1996]).

The plaintiff established his prima facie entitlement to judgment as a matter of law. He alleged that the Congregation terminated his employment as its rabbi sometime in February 2006 without prior authorization from a rabbinical court, in violation of paragraph 6 (ii) of the parties' contract. In opposition, the Congregation failed to raise a triable question of fact (*see Zuckerman v City of New York,* 49 NY2d 557 [1980]). While implicitly conceding that it terminated the plaintiff as its rabbi sometime before February 27, 2006, the Congregation contends that it obtained the required rabbinical court ruling authorizing such action. However, the rabbinical court ruling upon which the Congregation relies is dated March 21, 2006, and, therefore, it cannot form a basis for compliance with paragraph 6 (ii) of the contract. Accordingly, the plaintiff established, as a matter

of law, that the Congregation breached the contract (*see Kalus v Prime Care Physicians, P.C.,* 20 AD3d 452, 454 [2005]).

The plaintiff's remaining contentions, which, in effect, concern claims not set forth in the complaint, are not properly before this Court (*see* CPLR 3013, 3025). Fisher, J.P., Dillon, McCarthy and Leventhal, JJ., concur.