In an action for a divorce and ancillary relief, the defendant appeals, and the intervenor separately appeals, by permission, from an order of the Supreme Court, Nassau County (Falanga, J.), dated September 9, 2008, which, after a nonjury trial, determined that the plaintiff and the defendant were validly married in India in 1952.
Ordered that the order is reversed, on the law, with one bill of costs, and the complaint is dismissed.
*648 The defendant correctly contends that a determination as to whether he and the plaintiff were married in a valid Hindu ceremony in India in 1952 improperly involves the court in a religious matter. Such a determination cannot be made on the basis of neutral principles of law. “The ‘neutral principles of law’ approach requires the court to apply objective, well established principles of secular law to the issues” (Matter of Congregation Yetev Lev D’Satmar, Inc. v Kahana, 9 NY3d 282, 286 [2007], citing First Presbyt. Church of Schenectady v United Presbyt. Church in U.S. of Am., 62 NY2d 110, 119-120 [1984], cert denied 469 US 1037 [1984]; see Mandel v Silber, 304 AD2d 538 [2003]).
The parties’ marriage allegedly took place in 1952, prior to the enactment in India of the Hindu Marriage Act of 1955, which codified Hindu Law relating to marriage and divorce.
The validity of the parties’ alleged marriage, entered into in 1952, must be determined by analyzing the various and customary rites, customs, and practices of the Hindu religion of a particular caste in a particular region. This analysis is entrenched in religious doctrine and cannot be resolved by the application of neutral principles of law. When a religious dispute cannot be resolved by application of neutral principles of law, without reference to religious principles, the First Amendment to the United States Constitution prevents the court from resolving the issue (see First Presbyt. Church of Schenectady v United Presbyt. Church in U.S. of Am., 62 NY2d 110, 116 [1984]; Sieger v Sieger, 297 AD2d 33 [2002]). “Such rulings violate the First Amendment because they simultaneously establish one religious belief as correct for the organization while interfering with the free exercise of the opposing faction’s beliefs” (First Presbyt. Church of Schenectady v United Presbyt. Church in U.S. of Am., 62 NY2d at 116).
The Supreme Court determined which ceremonies are sufficient and necessary for a valid Hindu marriage between members of the Reddy caste of Sudras in the region of Andhra Pradesh, India, in 1952. This is a distinctly religious determination. The court essentially determined that performance of the ceremonies testified to by the plaintiff constitute a valid Hindu marriage between these parties, and that the defendant’s assertions to the contrary are incorrect. Thus, the Supreme Court was called upon to settle a religious controversy, not only to interpret and apply Indian law. “[T]his court is without jurisdiction to consider this issue because to do so would require the court to review and interpret religious doctrine and resolve the parties’ religious dispute, which the court is proscribed from do *649 ing under the First Amendment entanglement doctrine” (Sieger v Sieger, 37 AD3d 585, 587 [2007]). Accordingly, the order must be reversed and the complaint dismissed (see Park Slope Jewish Ctr. v Stern, 128 AD2d 847 [1987]).
The parties’ remaining contentions need not be reached in light of this determination. Skelos, J.P., Covello, Leventhal and Roman, JJ., concur.