◼ RESTAURANT CREATIVE CONCEPTS MANAGEMENT, LLC, Respondent, v NORTHEAST RESTAURANT DEVELOPMENT, LLC, Do-

ing Business as VIN SANTO, Appellant. (And a Third-Party Action.) [920 NYS2d 816]—

Mercure, J.P. Appeal from an order of the Supreme Court (Ferradino, J.), entered March 22, 2010 in Saratoga County, which, among other things, denied defendant's motion for summary judgment dismissing the complaint.

In May 2009, plaintiff, a limited liability corporation formed by third-party defendant, Michael Barry, entered into a contract with defendant, the owner of a restaurant known as Vin Santo Wine Bar. Pursuant to the contract, plaintiff would operate and manage the restaurant in exchange for a fee equivalent to the restaurant's gross profit less $20,000 per month. The contract provided that its term would begin on the later of two dates: an unspecified day in May 2009, or the Monday following the approval by the State Liquor Authority (hereinafter SLA) of defendant's application to endorse its liquor license over to plaintiff. The contract further provided that if defendant sought to terminate the agreement without cause, it would be required to pay plaintiff a $250,000 termination fee.

On June 1, 2009, while the SLA endorsement application was still pending, Barry began managing the restaurant. One week later, defendant determined that the arrangement was unsatisfactory, presented Barry with a document indicating that it was terminating the management agreement "for cause," and promptly withdrew its liquor license endorsement application. SLA later disapproved the application as withdrawn.

Plaintiff thereafter commenced this breach of contract action seeking the $250,000 termination fee and also claiming approximate contract damages of $500,000. Defendant answered, asserting the failure of a condition precedent to the formation of the contract—i.e., SLA did not approve the endorsement application. In addition, defendant interposed a counterclaim against plaintiff and commenced a third-party action against Barry, both seeking revenue generated by the restaurant during the week it was managed by Barry. Defendant moved for summary judgment dismissing the complaint and plaintiff cross-moved for summary judgment on its termination fee claim. Supreme Court denied both motions, and this appeal by defendant ensued.

Defendant claims entitlement to summary judgment on the ground that SLA approval of the endorsement application was a condition precedent to formation of the contract. We disagree.

In support of its argument, defendant refers to section 6 of the contract, which provides in relevant part: "The 'Term' of this agreement shall run from May —, 2009, or the first Monday following [SLA] approval of endorsement, whichever is later." Notably lacking from this provision, however, is " 'unmistakable language of condition' . . . such as 'if,' 'unless and until' and/or 'null and void' " (*Su Mei, Inc. v Kudo*, 302 AD2d 740, 741 [2003], quoting *Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co.*, 86 NY2d 685, 691 [1995]), which would establish the parties' clear intent to expressly condition the existence of the contract on SLA approval. Moreover, section 1 (B), which purports to establish the commencement date of the contract, makes no reference to SLA approval: "This Agreement shall remain in effect for a period beginning May —, 2009 ('Commencement Date'), and continuing through the Term as provided in Section 6 of this Agreement unless terminated as otherwise provided herein." These provisions fail to establish an unambiguous intent to condition the contract's formation on SLA approval (*see Su Mei, Inc. v Kudo*, 302 AD2d at 741; *cf. Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co.*, 86 NY2d at 691). Consequently, defendant is not entitled to summary judgment on this basis.

Defendant's remaining contentions are not properly before us.

Rose, Malone Jr., Stein and McCarthy, JJ., concur. Ordered that the order is affirmed, with costs.