In a proceeding to foreclose a tax lien pursuant to RPTL article 11, in which Luther Guthrie intervened and thereupon counterclaimed, inter alia, (a) pursuant to CPLR article 78 to review a resolution of the Rockland County Legislature dated September 7, 2010, which permitted former property owners whose properties had been transferred to the County of Rockland in a RPTL article 11 in rem tax foreclosure proceeding and sold at a public auction on June 9, 2010, by the County of Rockland as a consequence of delinquencies in the payment of real property taxes, among other things, to redeem their respective properties, and (b) for a judgment declaring that Luther Guthrie, as the highest bidder at the public auction on property formerly belonging to Alberto Castro and Sandra Castro, is entitled to delivery of the deed to the subject property, permanently enjoining the County of Rockland from reinstating ownership of the subject property to Alberto Castro and Sandra Castro, and directing the County of Rockland to execute and deliver the deed to the subject property to Luther Guthrie upon his payment of the balance of the purchase price, Luther Guthrie appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Rockland County (Jamieson, J.), entered May 11, 2011, as denied the petition pursuant to CPLR article 78, in effect, dismissed the counterclaim, and determined that the resolution was validly enacted.
Ordered that the judgment is affirmed insofar as appealed from, with one bill of costs to Alberto Castro and Sandra Castro, payable by Luther Guthrie.
Luther Guthrie was the highest bidder for certain real property at a tax foreclosure auction sale conducted by the County of Rockland on June 9, 2010. That property had been owned by Alberto Castro and Sandra Castro, who had become delinquent in the payment of their real property taxes.
Paragraph 18 of the terms of sale of the subject real property, as set forth in the public auction notice of sale, which Guthrie admittedly received, unambiguously stated that “[a] 11 bids will be subject to the approval of the Legislature of the County of *995 Rockland. The County does not guarantee that such approval will be obtained.” The terms of sale also provided that “[t]he County of Rockland reserves the right to . . . reject any or all bids and cancel and/or postpone sales at any time before the actual delivery of deeds,” a right which, if invoked, was required to be exercised within 45 days of the Legislature’s approval of the bids. Moreover, at the auction, each successful bidder executed a memorandum of purchase, which recited that the successful bidder “ha[s] no legal or beneficial ownership interest of any nature whatsoever in the property.” Notably, the auction documents did not impose any limits on the Rockland County Legislature’s discretion to approve or disapprove a sale.
The legislative resolution at issue, in effect, gave the former owners of the properties that were sold at the June 9, 2010, public auction the opportunity to redeem their interests in their respective properties, and to vacate any court orders or deeds so that title reverted back to them if they timely moved for such relief and paid the total amount of the delinquent taxes on the property, inclusive of interest, penalties, and costs. The adoption of the resolution was a proper exercise of the Legislature’s discretion (see Matter of Toussie v County of Suffolk, 26 AD3d 506, 507 [2006]), even if the resolution thereby effectively nullified Guthrie’s high bid on the subject property and cancelled the sale. Contrary to Guthrie’s contention, the Rockland County Legislature’s resolution was rationally based on legitimate economic concerns.
Although the cancellation of a sale may seem unfair to a successful bidder, this prospect is one of the clearly stated risks of bidding at a public auction, and was clearly articulated prior to the bidding (id. at 508; see L.J.B. Corp. v City of New York, 182 AD2d 485 [1992]; Min-Lee Assoc. v City of New York, 28 AD2d 553 [1967], affd 27 NY2d 790 [1970]).
Guthrie’s remaining contentions are without merit. Angiolillo, J.E, Balkin, Lott and Roman, JJ., concur.