# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**325**

**CA 13-01230**

PRESENT: SMITH, J.P., FAHEY, CARNI, AND SCONIERS, JJ.

---

ACCADIA SITE CONTRACTING, INC.,
PLAINTIFF-APPELLANT,

V                                         MEMORANDUM AND ORDER

ERIE COUNTY WATER AUTHORITY,
DEFENDANT-RESPONDENT.

---

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (ANDREW O. MILLER OF COUNSEL), FOR PLAINTIFF-APPELLANT.

DAMON MOREY LLP, BUFFALO (AMBER E. STORR OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (John A. Michalek, J.), entered April 9, 2013. The order and judgment granted defendant's motion for summary judgment.

It is hereby ORDERED that the order and judgment so appealed from is unanimously affirmed without costs.

Memorandum: In this action for breach of contract and related relief, plaintiff appeals from an order and judgment granting defendant's motion for summary judgment dismissing the complaint. Initially, we note that plaintiff does not raise any issues concerning the dismissal of the third cause of action and has therefore abandoned any contentions with respect to that cause of action (see *Ciesinski v Town of Aurora*, 202 AD2d 984, 984). In addition, we do not address plaintiff's contention, raised for the first time on appeal, that Supreme Court erred in granting summary judgment in defendant's favor because defendant failed to plead the defense of failure to comply with a condition precedent with sufficient specificity (see CPLR 3015 [a]). "An issue may not be raised for the first time on appeal . . . where it 'could have been obviated or cured by factual showings or legal countersteps' in the trial court" (*Oram v Capone*, 206 AD2d 839, 840, quoting *Telaro v Telaro*, 25 NY2d 433, 439, *rearg denied* 26 NY2d 751). Here, defendant could have attempted to cure that alleged deficiency by seeking leave to amend the answer (see generally *Smith v Besanceney*, 61 AD3d 1336, 1336-1337). In any event, defendant's failure to plead that defense in its answer with sufficient specificity does not preclude an award of summary judgment based on that defense. " '[A] court may grant summary judgment based upon an unpleaded defense where[, as here,] reliance upon that defense neither surprises nor prejudices the plaintiff' " (*Schaefer v Town of Victor*,

77 AD3d 1346, 1347).

Contrary to plaintiff's further contention, the court properly granted defendant's motion on the ground that plaintiff failed to satisfy a condition precedent. "[A] condition precedent is 'an act or event, other than a lapse of time, which, unless the condition is excused, must occur before a duty to perform a promise in the agreement arises' " (*MHR Capital Partners LP v Presstek, Inc.*, 12 NY3d 640, 645, quoting *Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co.*, 86 NY2d 685, 690). Here, paragraph 10.05 of the contract mandated that plaintiff provide the project engineer with "[w]ritten notice stating the general nature of each Claim, dispute, or other matter" within 20 days of the event giving rise to the claim. It is well settled that "[c]ontract clauses that 'require the contractor to promptly notice and document its claims made under the provisions of the contract governing the substantive rights and liabilities of the parties . . . are . . . conditions precedent to suit or recovery' " (*Rifenburg Constr., Inc. v State of New York*, 90 AD3d 1498, 1498, quoting *A.H.A. Gen. Constr. v New York City Hous. Auth.*, 92 NY2d 20, 30-31, *rearg denied* 92 NY2d 920). We conclude that "defendant established as a matter of law that plaintiff was obligated to seek compensation for the extra work pursuant to the terms of the contract when it learned that the [relocation of the lateral lines] constituted extra work and that plaintiff failed to do so in a timely manner" (*Adonis Constr., LLC v Battle Constr., Inc.*, 103 AD3d 1209, 1210). Consequently, defendant met its burden on the motion by establishing that plaintiff did not timely comply with the notice and reporting requirements of the contract, and plaintiff failed to raise a triable issue of fact in opposition (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

Plaintiff further contends that it was excused from compliance with the notice and reporting requirements of paragraph 10.05 based on defendant's breach of the contract; that such compliance was prevented or hindered because of misconduct by defendant; and that such compliance would have been futile. Those contentions are unavailing. First, it is well settled that a "party's obligation to perform under a contract is only excused where the other party's breach of the contract is so substantial that it defeats the object of the parties in making the contract" (*Frank Felix Assoc., Ltd. v Austin Drugs, Inc.*, 111 F3d 284, 289; *see Robert Cohn Assoc., Inc. v Kosich*, 63 AD3d 1388, 1389), and plaintiff failed to raise a triable issue of fact whether defendant's actions defeated the parties' objectives in entering into the contract. With respect to plaintiff's remaining two contentions, we conclude that "there is no evidence to support [plaintiff]'s contention[s] that [defendant's misconduct] frustrated its ability to comply with the applicable notice provision or that notice to [the engineer] would have been futile" (*Matter of Brenda DeLuca Trust [Elhannon, LLC]*, 108 AD3d 902, 904). We note in any event with respect to plaintiff's second contention that, although "it is undisputedly the rule that one who frustrates another's performance cannot hold that party in breach" (*Water St. Dev. Corp. v City of New York*, 220 AD2d 289, 290, *lv denied* 88 NY2d 809; *see Young v Hunter*, 6 NY 203, 207), plaintiff failed to raise a triable issue of fact

whether its performance with the notice and reporting requirements was prevented or hindered by defendant's alleged misconduct (*see A.H.A. Gen. Constr.*, 92 NY2d at 34; *DiPizio Constr. Co., Inc. v Niagara Frontier Transp. Auth.*, 107 AD3d 1565, 1566; *cf. Turbo Carpentry Corp. v Brancadoro*, 21 AD3d 479, 480).