Grimaldi v Sangi (2019 NY Slip Op 53945)





Grimaldi v Sangi


2019 NY Slip Op 53945


Decided on November 27, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 27, 2019

526055

[*1]Anthony Grimaldi, Appellant,
v
Joseph Sangi, Defendant.

Calendar Date: October 15, 2019

Before: Lynch, J.P., Clark, Devine and Pritzker, JJ.


Anthony Grimaldi, Kingston, appellant pro se.



Pritzker, J.
Appeal from an order of the Supreme Court (Schreibman, J.), entered February 27, 2018 in Ulster County, upon a decision of the court (Work, J.) in favor of defendant.
In July 2012, plaintiff filed an amended complaint seeking to recover on two promissory notes against defendant in his personal capacity. The first promissory note was signed in August 2010 by defendant in his personal capacity for a total sum of $25,000, plus $2,750 of interest. The second promissory note was signed in March 2011 by defendant in his corporate capacity as president of Ye Olde Country Inn, Inc. for a total sum of $85,000, plus interest, with the first installment of $31,500 due to plaintiff on March 31, 2012. After joinder of issue, plaintiff moved for summary judgment seeking repayment of the $85,000 loaned to defendant, which relief defendant opposed. Supreme Court (Cahill, J.) denied the motion because the second promissory note, which was signed by defendant in his corporate capacity, reflected that Ye Olde Country Inn promised to repay said note, rather than defendant in his personal capacity.
Plaintiff thereafter filed a second amended complaint, alleging, among other things, that defendant, in his personal capacity, failed to pay $25,000, plus $2,750 of interest, which was due under the first promissory note. The second amended complaint further stated, in anticipation of a defense, that the second promissory note was not a novation and did not subsume the first promissory note. After a second bench trial was conducted de novo,[FN1] Supreme Court (Work, J.) issued a decision finding that the first promissory note was a copy and not an original; thus, upon plaintiff's failure to produce the note, the court credited evidence proffered by defendant that it was destroyed. Further, the court found that plaintiff intended the first promissory note — which was signed by defendant in his personal capacity — to be subsumed into the second promissory note. Thus, because the second promissory note was signed by defendant in his corporate capacity, the complaint was dismissed.[FN2] Plaintiff appeals.
To the extent that plaintiff is asserting that the verdict is against the weight of the evidence because the second promissory note was not a novation, we disagree. When conducting a review of a nonjury trial verdict, this Court "independently review[s] the probative weight of the evidence, together with the reasonable inferences that may be drawn therefrom, and grant[s] the judgment warranted by the record while according due deference to the trial court's factual findings and credibility determinations" (Kingsley Arms Inc. v Kirchhoff-Consigli Constr. Mgt., LLC, 173 AD3d 1506, 1507 [2019] [internal quotation marks and citations omitted]; see Ross v GEICO Indem. Co., 172 AD3d 1834, 1835 [2019]). "The essential elements of a cause of action to recover damages for breach of contract are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach. To create a binding contract, there must be a manifestation of mutual assent sufficiently definite to assure that the parties are truly in agreement with respect to all material terms" (Carroll v Rondout Yacht Basin, Inc., 162 AD3d 1150, 1152 [2018] [internal quotation marks and citations omitted], appeal and lv dismissed 32 NY3d 1035 [2018]; see Muncil v Widmir Inn Rest. Corp., 155 AD3d 1402, 1404 [2017]). "Generally, a novation can be raised as a defense to an action on an existing agreement where a new agreement extinguishes any obligations arising from the existing agreement. A novation has four elements, each of which must be present in order to demonstrate novation: (1) a previously valid obligation; (2) agreement of all parties to a new contract; (3) extinguishment of the old contract; and (4) a valid new contract" (Lambert v Schiller, 156 AD3d 1285, 1287 [2017] [internal quotation marks and citations omitted]; see Callanan Indus. v Micheli Contr. Corp., 124 AD2d 960, 961 [1986]). "The party claiming a novation has the burden of proof of establishing that it was the intent of the parties to effect a novation" (Warberg Opportunistic Trading Fund L.P. v GeoResources, Inc., 151 AD3d 465, 473 [2017] [citation omitted]).
Here, the weight of the evidence supports Supreme Court's determination that the first promissory note was subsumed into the second, thereby creating a novation and discharging the first promissory note. Initially, there is no dispute that the first promissory note is valid and obligated defendant, in his personal capacity, to repay plaintiff. Thereafter, the parties executed the second promissory note, between plaintiff and the corporation, Ye Olde Country Inn. Plaintiff contends that this second promissory note is not valid inasmuch as there was no consideration. We disagree. Generally, "so long as something of real value in the eye of the law was exchanged[,] the adequacy of the consideration is not a proper subject of judicial inquiry" (Wood Realty Trust v Storonske Cooperage Co., 229 AD2d 821, 822-823 [1996] [internal quotation marks and citation omitted]; see Su Mei, Inc. v Kudo, 302 AD2d 740, 742 [2003]). At trial, defendant testified that he did not have any money and would not have been able to repay plaintiff under the first promissory note. Moreover, unlike the first promissory note that was only for the first $25,000 loaned by plaintiff, the second promissory note included all money loaned by plaintiff and, if the business was successful, plaintiff would have a better chance of receiving his money back. Accordingly, there was sufficient consideration for the second promissory note (see generally Apfel v Prudential-Bache Sec., 81 NY2d 470, 476 [1993]; Su Mei, Inc. v Kudo, 302 AD2d at 742).
As to the novation, Jonathan Hoyt, a lawyer who was hired to represent the Ye Olde Country Inn and drafted both promissory notes, testified credibly that the parties intended for and understood that the first promissory note was to be subsumed into the second promissory note. Hoyt also testified that he destroyed the first promissory note. Plaintiff failed to offer an original first promissory note into the record to establish otherwise. Also, plaintiff testified inconclusively that he did not understand what the sum of $85,000 represented, but stated that it represented prior sums that he had loaned to defendant. Supreme Court asked plaintiff if he thought defendant owed him $110,000, the value of both promissory notes, to which plaintiff answered in the negative. As such, the circumstances surrounding the signing of the second promissory note, the destruction of the first promissory note and the conduct of the parties indicate that they intended for the first promissory note to be subsumed into the second promissory note, creating a novation (see Moskowitz v Rajadhyax, 263 AD2d 858, 859 [1999]; compare Rockwood v Vicarious Visions, Inc., 44 AD3d 1229, 1230 [2007]).
Plaintiff also contends that Supreme Court erred in relying on the testimony of defendant and Hoyt, who were both not credible. We disagree. This Court accords "due deference to the trial court's . . . credibility determinations" (Hagopian v Karabatsos, 157 AD3d 1020, 1024 [2018] [internal quotation marks and citations omitted]; see Lotz v Carter, 173 AD3d 1420, 1420 [2019]). Here, Supreme Court specifically noted that it "attache[d] very little credibility" to defendant due to misleading testimony he gave concerning a prior conviction for theft by deception. Although not explicitly stated by the court, it is clear that it found Hoyt to be a credible witness. Inasmuch as both of these credibility assessments are supported by the record, we decline to disturb them (see Hagopian v Karabatsos, 157 AD3d at 1025). We are similarly unpersuaded by plaintiff's assertion that Supreme Court erred in determining that the first promissory note was not the original. Hoyt testified that he destroyed the original first promissory note. Hoyt also indicated that the notary stamp on the original second promissory note bled through to the other side of the paper. The court confirmed this and also observed that the "bleed through" did not occur on the first promissory note, which plaintiff claimed was the original. Given Hoyt's testimony and the court's personal observation of the promissory notes, we find that the record supports the determination.
Finally, plaintiff's contention that Supreme Court deprived him of a fair trial is without merit. Specifically, plaintiff asserts that the court curtailed his direct examination and rebuttal and abruptly ended the trial. The "trial court has broad authority to control the courtroom, rule on the admission of evidence, elicit and clarify testimony, expedite the proceedings and to admonish counsel and witnesses when necessary" (Solomon v Meyer, 149 AD3d 1320, 1321 [2017] [internal quotation marks and citation omitted]; see Rivers v Garden Way, 231 AD2d 50, 52 [1997]). Here, the court allowed plaintiff to testify extensively during his direct, to extensively cross-examine defendant and to express his additional arguments as well as introduce evidence during rebuttal; as such, "the commentary and colloquies cited by [plaintiff] when viewed in their proper context reveal nothing more than an evenhanded attempt towards focusing the proceedings on the relevant issues and clarifying facts material to the case in order to expedite the trial" (Revell v Guido, 124 AD3d 1006, 1009 [2015] [internal quotation marks, brackets and citations omitted]; see Heilbrunn v Town of Woodstock, 50 AD3d 1377, 1380 [2008]). Plaintiff's remaining contentions are not preserved.
Lynch, J.P., Clark and Devine, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: After the first bench trial, Supreme Court (Cahill, J.) recused itself due to a personal conflict of interest. At the second bench trial, Supreme Court (Work, J.) received into evidence the transcript from the first trial of the testimony of plaintiff's brother who had since died.

Footnote 2: Prior to the issuance of any order upon the decision, Justice Work's term expired. As such, Supreme Court (Schreibman, J.) issued an order that dismissed the complaint for the reasons set forth in the decision.